183 So.2d 529 (1966)
R.C. JORDAN, Petitioner,
v.
FLORIDA INDUSTRIAL COMMISSION, Paragon Construction Company, Inc., and the Home Indemnity Company, Respondents.
No. 34611.
Supreme Court of Florida.
February 23, 1966.
James T. Earle and Masterson, Lloyd & Rogers, St. Petersburg, for petitioner.
Billy L. Rowe of Mann, Harrison, Mann & Rowe, St. Petersburg, Patrick H. Mears, Tallahassee, and J. Franklin Garner, Lakeland, for respondents.
MASON, Circuit Judge.
The claimant, R.C. Jordan, seeks review of an order of the Florida Industrial Commission which affirmed an order of the Deputy Commissioner, directing payment of temporary total disability benefits to the claimant for eight weeks, payment of doctor bills incurred, attorney's fees and penalties and interest, but which denied the Claimant's request for treatment of a pre-existing deformity, and compensation for healing time during and following same.
Two questions are presented for decision. The first is, should the employer be required to pay for treatment of a pre-existing deformity which is not aggravated by an industrial accident, but whose existence precludes *530 the healing of the compensable injury? The second is, should compensation benefits be limited to the disability time which would have ensued had the deformity not existed?
The facts are that claimant had been in an automobile accident in 1959 and suffered a fractured leg, which healed at an abnormal angle shortening his leg by two and one-fourth inches, giving him a limp, curvature of the spine and abnormal stress on the leg muscles, tendons, etc. Such deformity did not interfere with or prevent adequate performance of his duties. On June 6, 1963, claimant, while in the employ of Paragon Construction Company, Inc., one of the respondents herein, suffered a job-connected accident resulting in a back injury, and as a result thereof became temporarily and totally disabled. He has suffered pain since that time, but the medical testimony is to the effect that were it not for the abnormal stress on his back caused by the earlier deformity, claimant's back would have healed from the compensable injury in four to eight weeks. However, due to such deformity the only effective treatment lies in correcting the leg length discrepancy. The claimant had since the second injury been, and at the time of the hearing was, unable to do heavy manual labor, which was his regular employment. Based upon these facts, the Deputy ordered payment of temporary total disability benefits for eight weeks, which period he found to be the maximum period of time required to effect a complete cure, had no previous deformity existed. The Deputy declined to require that the employer provide treatment or appliances to correct the deformity, which, in the opinion of the doctors, would in turn result in the cure of claimant's back strain that resulted from the second injury. The Full Commission affirmed the Deputy.
The decision in this case turns upon the answer to the question as to whether or not there was an aggravation of a pre-existing injury so as to require apportionment between the two injuries, as required by Sec. 440.02(19), or Sec. 440.151(1)(c). We hold that this is not a situation where there was an aggravation of a pre-existing injury, nor is it a situation where an occupational disease is aggravated by any other disease or infirmity not in itself compensable, but that this is a case where the existence of a non-disabling pre-existing condition retarded and prevented recovery from the compensable injury. Therefore, the provisions of the last two cited sections which require apportionment are not applicable here.
We are of the opinion that this is a case where the process of recovery is retarded by a pre-existing deformity, and that the provisions of Sec. 440.13(1) are applicable. This section requires that "the employer shall furnish to the employee such remedial treatment, care and attendance under the direction and supervision of a qualified physician or surgeon, or other recognized practitioner, nurse or hospital, and for such period, as the nature of the injury or the process of recovery may require, including medicines, crutches, artificial members, and other apparatus." We hold that the employer should bear the cost of returning the employee to an employable status when it is shown, as here, that his present status of unemployability was produced directly by the injury on the job, and which status did not exist prior to such injury.
The order of the Full Commission is quashed and the cause is remanded with direction to it to reverse the order of the Deputy and to instruct him to award compensation benefits for additional healing time of the claimant, taking into consideration such correction of the pre-existing deformity as is necessary to effect cure of the industrial disability, as well as for expenses of such additional medical treatment as is so required for such purpose.
It is so ordered.
THORNAL, C.J., and THOMAS, ROBERTS and O'CONNELL, JJ., concur.