388 So.2d 333 (1980)
GLADES COUNTY SUGAR GROWERS and Employers Insurance of Wausau, Appellants,
v.
Thomas GONZALES, Appellee.
No. QQ-338.
District Court of Appeal of Florida, First District.
September 23, 1980.
*334 William L. Contole of Brennan, McAliley, Hayskar & McAliley, West Palm Beach, for appellants.
Fred O. Pasternack, Miami, for appellee.
PER CURIAM.
The employer/carrier appeals a worker's compensation order entered March 27, 1979, after hearing on November 17, 1978, awarding Gonzales continued temporary total disability and requiring the employer/carrier to pay all medical bills including those necessary for treatment of injuries from a non-compensable automobile accident. We affirm in part and reverse for reconsideration of the award of medical costs.
On August 11, 1976, Gonzales suffered a compensable accident, resulting in a herniated disc and laminectomy at L-5 with decompression of the S-1 nerve root. The surgery was performed on October 20, 1976.
On January 2, 1977, before Gonzales had reached maximum medical improvement from the first accident, he was involved in a non-compensable automobile accident in which he sustained a herniated disc at L-1. The herniated disc required a laminectomy at L-1-2 which was performed on August 30, 1977.
The employer/carrier raises the following points on appeal:
1. The judge of industrial claims erred in finding that the claimant had not reached maximum medical improvement *335 from the compensable accident of August 11, 1976.
2. The judge of industrial claims erred in not setting forth a finding that he was rejecting Dr. Picaza's testimony and/or Dr. Diaz-Padron's testimony.
3. The judge of industrial claims erred in not setting forth any reasons or justifications for rejecting Dr. Picaza's testimony or Dr. Diaz-Padron's testimony or for accepting Dr. Lopez's testimony over that of Dr. Picaza's and/or Dr. Diaz-Padron's.
4. The judge of industrial claims erred in not segregating the effects of the subsequent non-compensable accident of January 2, 1977, from those of the earlier compensable accident of August 11, 1976.
5. The judge of industrial claims erred in finding that the employer and the carrier were responsible for the treatment for the claimant's subsequent non-compensable accident of January 2, 1977.
Our review of the record indicates no error with respect to the first three points. We therefore affirm on these issues. There was competent, substantial evidence in the record based on the testimony of Dr. Lopez that maximum medical improvement from injuries received in the compensable accident had not been reached at the date of the hearing. In addition to this medical evidence, the deputy commissioner had the opportunity to observe the claimant himself.
Points 2 and 3 are without merit since the order clearly states that the testimony of Dr. Lopez was accepted. This was an implicit rejection of the contrary testimony of Dr. Picaza and Dr. Diaz-Padron. In Pierce v. Piper Aircraft Corp., 279 So.2d 281, 284 (Fla. 1973), the Supreme Court indicated only that under certain circumstances more explicit findings would be helpful:
[W]here testimony of two or more expert witnesses of comparable qualification are in direct conflict, it will be helpful to the Commission and this Court if some explanation is given as to why the testimony of one is accepted and the other rejected.
In Vargas v. Americana of Bal Harbor, 345 So.2d 1052, 1054 (Fla. 1976), the opinion clearly rejects the idea that orders should contain a recounting of the testimony. Pierce and Vargas do not impose any absolute requirement that an order explain why one doctor is found more credible than another. Questions of witness credibility, including that of expert witnesses, have always been for the trier of fact. South Venice Corp. v. Caspersen, 229 So.2d 652 (Fla.2d DCA 1969). So long as the order is not so deficient as to impede review when measured against the record facts, reversal is not in order.
As to Point 4, the order finds that the evidence failed to show "that the second accident had increased the degree of temporary disability;" that at the time of the hearing claimant "had not reached maximum medical improvement from the compensable accident and that his temporary disability still flows from this accident;" and that "there can be no apportioning, legally or factually, of the effects of the second accident until the claimant has attained maximum medical improvement." We find no error in the failure to segregate the effects of the non-compensable accident.
The order does not find a merger, or a reverse merger of the effects of the two accidents as to the degree of temporary disability.[1] Rather, it finds that the second accident did not increase the already existing *336 disability. The issue is one of competent, substantial evidence to support the findings and not one of merger.
Dr. Lopez, who originally treated Gonzales, testified that Gonzales had not reached maximum medical improvement from either of the accidents when he examined him on June 28, 1978. Dr. Lopez was unable to differentiate the effects of the two accidents with regard to the symptoms being experienced by Gonzales at the time of his examination. There was testimony regarding the degree of permanent impairment Gonzales could have expected from the first accident alone, or the second accident alone, but none to support an apportionment of temporary disability compensation attributable solely to the non-compensable accident. Reedy Creek Improvement District Fire Department v. LaCorte, IRC Order 2-3696 (February 9, 1979).
We conclude there is error with regard to Point 5. Although Section 440.02(18), Florida Statutes, prohibits apportionment of temporary disability and medical benefits between the employer and the employee in the case of compensable aggravation of a prior condition, its specific terms do not control this case in which the compensable condition is affected by a later injury. In this situation, the employer is required to pay only for medical treatment or care which is causally related to the compensable accident in some way. The requirement that the employer pay for all treatment "necessary to remove the hindrance of the second accident impeding the recovery from the [compensable] accident" does not, in the context of the facts, properly express the standard for compensability for treatment for subsequent non-compensable injuries. Such an award would appear to include medical treatment required independently by the non-compensable injury, and which is but incidentally related to the compensable injury.
The award of medical costs must be reversed because it is impossible from the face of the order, or from record references by the parties, to determine the effect or intent of the order in establishing liability for all medical expense from the non-compensable injury. In reconsideration of this issue upon remand, costs should include all medical care necessary for treatment of the compensable injury. Costs should also include any treatment required by the non-compensable injury if such treatment would not presently be required but for the existence of the compensable injury. See: Jordan v. Florida Industrial Commission, 183 So.2d 529, 530 (Fla. 1966). But the award should not include medical treatment required independently by the subsequent non-compensable injury when the removal of a hindrance to recovery from the compensable injury is merely an incidental effect of such treatment. "It is the purpose of the [treatment]... that determines whether or not medical expenses ... are compensable." Barris v. Toppers of Florida, Inc., 382 So.2d 441, 442 (Fla. 1st DCA 1980).
Accordingly, the order is affirmed except with respect to medical costs; it is reversed on that issue and remanded for reconsideration on this record or such additional evidence as is necessary to determine medical costs, with directions to deny costs for treatment which was independently required by the non-compensable injury or related only incidentally to the compensable injury.
McCORD, LARRY G. SMITH and WENTWORTH, JJ., concur.
NOTES
[1] Had it done so it would be in error since merger properly applies only where a prior condition combines with a subsequent compensable condition to produce a greater permanent disability than would otherwise have existed. Chaffee v. Miami Transfer Co., Inc., 288 So.2d 209 (Fla. 1974), J.A. Jones Construction Co. v. Elmore, IRC Order 2-2901 (December 22, 1975). Eastern Air Lines, Inc. v. Smith, IRC Order 2-3147 (April 27, 1977). American Can Co. v. Tomasek, IRC Order 2-3365 (February 23, 1978), cert. denied, 368 So.2d 1375 (Fla. 1979). Reverse mergers are per se improper. Swanigan v. Dobbs House, IRC Order 2-3653 (January 15, 1979).