ON PETITION FOR REHEARING OR CLARIFICATION
ANRET petitions the Court for rehearing or clarification urging that our prior opinion could be construed as ordering reimbursement of benefits when the evidence of a causal relationship between claimant’s disability and the industrial accident is insufficient. To avoid any confusion as to this issue, we here clarify that opinion.
The causal relationship between claimant’s back injury and the accident is supported by the logical cause doctrine. Wilhelm v. Westminster Presbyterian Church, 235 So.2d 726 (Fla.1970). Claimant injured his back on December 21, 1977, was hospitalized through the emergency room on December 22, 1977, with a diagnosis of lumbar disc disease without rupture, rehospitalized on January 4, 1978, with probable psychogenic vomiting and acute back strain, and rehospitalized again on March 3, 1978, with psychogenic vomiting. Claimant has shown' a serious injury and a logical cause for it. The employer has not proven that another cause is more logical and consistent with reason.
There is evidence that claimant was MMI from a neurological standpoint as of February 21, 1978. However, claimant continues to have the stomach problems and back pain and testified he cannot work. There is no competent, substantial evidence that the psychogenic vomiting is causally related to the industrial accident or that the continuing back pain is sufficient to prevent claimant from working. Additional medical examinations have been ordered to determine if these problems are psychological and if they are causally related to the accident.
On remand, the deputy commissioner should determine the reimbursement Sparrow Condominiums, Inc., is entitled to at this time, including any medical treatment or care which was causally related to the compensable accident and properly paid in accordance with Glades County Sugar Growers, Inc. v. Gonzales, 388 So.2d 333 (Fla. 1st DCA 1980). After the examinations are completed, the deputy commissioner shall determine the additional reimbursement, if any, to which Sparrow Condominiums, Inc., is entitled.
McCORD and THOMPSON, JJ., and LILES, WOODIE A., Associate Judge (Retired), concur.