LARRY G. SMITH, Judge.
The employer/carrier and the claimant appeal an order of the Deputy Commissioner delaying a determination of the merits of claimant’s worker’s compensation claim until claimant has his alcoholic problem under control. Both the employer/carrier and claimant contend, and we agree, that the Deputy Commissioner erred by failing to rule on the merits of the claim, and that he exceeded his authority when he ordered claimant to obtain treatment for alcoholism not related to his employment or any industrial accident.
Claimant injured his back in an industrial accident, as a result of which the employer/carrier paid temporary total disability from the date of the accident until October 2, 1979. At the hearing, claimant sought additional temporary total disability, permanent partial disability benefits, additional medical care and payment for certain medical services received. The testimony of Dr. Godard, a treating physician, was in conflict with that of two other physicians on the issues of claimant’s ability to return to work, and upon the existence of permanent partial disability as a result of his injury. The order of the Deputy Commissioner states, in part:
*729 It is impossible for me to tell, because of the overriding and obscuring nature of the claimant’s alcohol problem, whether and if so, how much limitation or impairment or disability the claimant has, and I am therefore going to defer any ruling regarding the claimant’s claimed disability or need for any future medical treatment until the claimant has accomplished certain objectives.
The Deputy Commissioner then ordered that the claimant join and attend Alcoholics Anonymous, under the direction and supervision of Dr. Godard for at least six months; that Dr. Godard, as soon as he felt claimant was able to return to work, should call claimant’s employer and make arrangements for him to return to work; and that jurisdiction of the claims for temporary total or permanent partial disability, and further medical treatment, would be deferred until after the lapse of six months, or until claimant had satisfied Dr. Godard and his employer that he had his alcoholic problem under control, and would be able to return to work.
We join with claimant’s attorney in recognizing the sincere and compassionate interest shown by the Deputy Commissioner in his efforts to rescue claimant from the debilitating effects of excessive alcoholic indulgence. We note, incidentally, that the claimant in fact disputes the Deputy’s finding that claimant is an alcoholic, contending that such a finding is unsupported by the record. Since both parties agree that the claimant’s alcoholism, if in fact it does exist, is unrelated to his employment or his injury, we are compelled to hold that although his alcoholic condition, whatever it may be, may make the task more difficult, nevertheless, a ruling on the merits of the claims presented must be made. Atlantic Cold Storage v. Hernandez, IRC Order 2-3071 (November 22, 1976); and Westberry v. Copeland Sausage Company, et al., 389 So.2d 1214 (Fla. 1st DCA 1980). Further, that portion of the order requiring claimant to join and attend meetings of Alcoholics Anonymous must be stricken.
It was not reversible error for the Deputy Commissioner to allow Dr. Godard to refer to his notes, over the employer/carrier’s objection that the notes were not provided to counsel within five days prior to the hearing (Section 440.13, Florida Statutes). We agree, however, with the employer/earrier’s contention that since the claimant did not prevail at the hearing the award of expert witness fees of $350.00 for the testimony of Dr. Godard was premature. Upon remand, the Deputy Commissioner may order payment of such fee if the claimant prevails, subject to the right of the employer/carrier to a hearing on their objections to such payment or the amount ordered.
REVERSED and REMANDED.
MILLS, C. J., and BOOTH, J., concur.