PER CURIAM.
Claimant appeals the deputy commissioner’s order that 25 percent of claimant’s permanent, total disability award be reduced because of the natural progression of his pre-existing arthritis. There being no competent, substantial evidence to support apportionment pursuant to Section 440.02(19), Florida Statutes (1973), we reverse.
When appellant injured his right knee in 1974, there was evidence he already suffered from arthritis. Dr. Flynn, his second treating physician (the first having retired), stated that based on the first treating physician’s notes, it appeared the trauma aggravated claimant’s arthritis. During neither of two depositions, however, could Dr. Flynn state what percentage of appellant’s disability was attributable to the natural progression of the arthritis.
The deputy entered a compensation order which, among other things, required the parties to depose Dr. Flynn a third time in hopes he would be able to state a percentage for apportionment. That order was appealed, this court resolving the issues other than apportionment. Cover v. T G & Y, 377 So.2d 792 (Fla. 1st DCA 1979). Meanwhile, the apportionment question was remanded to the deputy.
Dr. Flynn was deposed for the third time, and once again he could not separate the arthritis’ natural progression from appellant’s total disability. Nevertheless, the deputy ordered that the PTD award be reduced by 25 percent. We hold however, that unless there is evidence as to the percentage of disability caused by natural progression of a pre-existing condition, no apportionment may be made. Russell House Movers v. Nolin, 210 So.2d 859 (Fla.1968).
Evans v. Florida Industrial Commission, 196 So.2d 748 (Fla.1967), stated at 752 that in cases involving aggravation of a pre-ex-isting condition, the consequent disability falls into three categories: Disability re- *986 suiting directly and solely from the accident regardless of the pre-existing condition; disability resulting from aggravation of the pre-existing condition; and disability resulting from the normal progress the preexisting condition would have made had there been no accident. The Court also established the procedure for determining the proper apportionment (at 754):
In the future, in determining whether and to what extent apportionment should be made it will be necessary to determine the degree or extent of disability falling within the three categories stated earlier herein and to apportion out of an award only that portion of the disability attributable in fact to the normal progress of the pre-existing disease which would have occurred had the aggravating accident never occurred.
Russell House Movers, supra, is more specifically on point. Claimant in that case had a history of back difficulties and injured his back on the job. The deputy apportioned out 50 percent of the injury even though there was no testimony as to percentages. The Court held, at 862, that “a deputy may not apportion where there is no evidence of any percentage of disability from a pre-existing disease or condition. For the Petitioners as well as the Claimant the case on this record is an ‘all or none’ controversy as to allowance of compensation benefits.”
Appellees having presented no evidence as to the percentage of appellant’s total disability attributable to the natural progression of the pre-existing condition, the deputy erred in reducing the award by 25 percent, or by any amount at all.
REVERSED.
ERVIN, SMITH and SHIVERS, JJ., concur.