396 So.2d 245 (1981)
PAN AMERICAN WORLD AIRWAYS, INC., and Travelers Insurance Company, Appellants,
v.
Alfred FRANCHINA, Appellee.
No. SS-158.
District Court of Appeal of Florida, First District.
April 6, 1981.
C. Thomas Ferrara of Pitts, Eubanks & Ross, Orlando, for appellants.
Thomas E. Thoburn, Cocoa, for appellee.
McCORD, Judge.
Appellants, employer/carrier, appeal from the deputy commissioner's order awarding appellee permanent total disability benefits as a result of a January 10, 1978, industrial accident in which appellee injured his lower back. We affirm in part and reverse in part.
After his industrial accident, appellee never returned to work. His treating physician gave him a 10% permanent partial disability rating and restricted his activities substantially. Appellee himself testified that he is very limited in his physical abilities in that he has constant pain in his back and right leg, he cannot walk, stand, or sit for more than a few minutes at a time, he must constantly change his position, and he has difficulty concentrating.
On July 3, 1978, while conducting a job search, appellee was involved in a subsequent *246 unrelated noncompensable automobile accident in which he suffered a cervical sprain which, according to his treating physician, was not of a permanent nature.
In Paragraph 10 of his order, the deputy commissioner stated:
On the basis of the foregoing facts, it is my determination that claimant has suffered permanent total disability based upon diminution of wage earning capacity as a result of his industrial accident and injury of January 10, 1978.
However, in Paragraph 12 of the order, the deputy commissioner stated:
Because the automobile accident was a subsequent intervening accident, the injuries sustained from it must be apportioned from the disability award. After considering the medical evidence, the testimony of the claimant and my observations of him, I conclude that 25% of the award must be apportioned to the subsequent intervening automobile accident...
The deputy commissioner thereupon awarded appellee benefits for a 75% permanent total disability.
Appellants assert that the deputy commissioner erred in finding appellee to be permanently totally disabled by, in effect, merging the industrial accident with the automobile accident and thereafter apportioning damages. Appellants contend that no evidence of merger was presented. Appellants argue that the deputy commissioner obviously found that the industrial accident resulted in appellee being 75% permanently disabled, with the automobile accident being the cause of the remaining 25% disability. Therefore, at most, the proper award would have been a 75% permanent partial disability.
In their second point on appeal, appellants contend that no competent substantial evidence supports the deputy commissioner's statement that appellee is permanently totally disabled. He suffered only a 10% impairment, according to his doctor's testimony, and his job search was inadequate.
On cross-appeal, appellee asserts that the deputy commissioner erred in apportioning out 25% of the permanent total disability award on the basis of the subsequent automobile accident.
We agree with appellants and appellee that the deputy commissioner erred in finding, in one paragraph of his order, that the industrial accident caused permanent total disability and in declaring in another paragraph of the order that 25% of the disability was due to the unrelated, noncompensable automobile accident. The deputy commissioner appears to have applied reverse merger which is not permissible. See Riverside Baptist Church v. O'Hara, IRC Order No. 2-2727, 9 FCR 168, cert. denied 317 So.2d 82 (Fla. 1975). Therefore, we reverse his finding of a 75% permanent total disability and remand the cause for a determination of the degree of permanent disability caused by the industrial accident alone, without consideration of the automobile accident.
In light of the above remand, we decline to rule on appellants' Point II relating to the sufficiency of the evidence to support a permanent total disability award. We have considered appellant's third point and find it to be without merit.
Based on the medical testimony in the record, the deputy commissioner found that appellee is entitled to palliative care in the future. However, he ordered employer/carrier to furnish appellee "such palliative remedial treatment, care, ..." as he may require. Because the medical testimony supports only a finding of the need for palliative care and because the deputy commissioner clearly has found that appellee is, to some degree, permanently disabled, we direct that the word "remedial" in Paragraph 2 on page 13 of the deputy commissioner's order be stricken.
Affirmed in part, reversed in part, and remanded for reconsideration.
MILLS, C.J., and THOMPSON, J., concur.