ZEHMER, Judge.
In this worker’s compensation case, the claimant appeals an order denying her benefits for loss of wage-earning capacity in excess of her 30% permanent physical impairment. We affirm.
On March 30,1977, Ellen McCormick suffered a lower back injury while working at the European Health Spa as an instructor/sales person. As a result of the accident, the employer/carrier has, at various times voluntarily paid claimant temporary total disability benefits and, at other times, has voluntarily paid 30% permanent partial disability benefits. From the date of the accident to December 1981, claimant was employed at several different jobs as a receptionist or sales person, but she was unable to hold any of these jobs for more than a few months because of severe recurring back pains. She received repetitive medical treatment, including surgery, during this period and reached maximum medical improvement around October 30, 1981, from her latest episode of disability. Thereafter, she obtained potential employment which was to commence subsequent to the Christmas holidays.
On December 24, 1981, claimant was involved in an automobile accident unrelated to her employment and sustained injuries to her neck and upper back. She was unable to commence work at her new job and was hospitalized in February 1982 for conservative treatment of those injuries. During May and June 1982, although still under treatment and not fully recovered from the injuries to her neck and upper back, and though still suffering from the covered injury to her lower back, claimant made a work search by calling upon 16 potential employers and contacting the Division of Vocational Rehabilitation. But her efforts to secure a job were unsuccessful.
At a hearing on July 7, 1982, claimant sought benefits for loss of wage-earning capacity in excess of her 30% physical impairment rating. This claim was controverted by the employer/carrier on the basis that claimant was not more than 30% permanently disabled and that additional disability over 30%, if any, was due to the intervening trauma to claimant in the automobile accident. Claimant’s physician testified that no additional restrictions on her ability to work had been caused by her injuries in the automobile accident, and no medical evidence was presented to contradict this opinion.
On July 9,1982, the deputy commissioner entered an order denying claimant disability benefits in excess of 30%, stating:
While there is little doubt but that the employee-claimant is sincerely endeavoring to obtain active gainful employment consistent with her physical limitations, it is further additionally clear that the employee/claimant’s non-related physical problems associated with the vehicular accident and her ongoing continued treatment for the residual injuries from that accident do constitute an additional hindrance and obstacle to her resuming active gainful employment. On each of the prior two occasions when the employee-claimant did attain the status of maximum medical improvement and physical recovery, she was capable of resuming active gainful employment, earning wages greatly in excess of her average weekly wage. Her attempt at resuming active gainful employment upon attaining the status of maximum medical improvement and physical recovery on the last occasion (i.e., October 30, 1981) has been hampered and/or impaired by virtue of the subsequent intervening trauma.
The order also indicates that claimant exhibited “guarded movements of her cervical spine and overt signs of rigidity of the upper spine,” for which condition, apparently attributable to the . nonindustrial accident, claimant was still being treated.
On appeal, claimant argues that the deputy commissioner erred in failing to find *339 specifically whether she had suffered a permanent loss of wage-earning capacity in excess of 30%, notwithstanding the fact that she was being treated for injuries incurred in her subsequent noncompensable automobile accident. Cf., Pan American World Airways v. Franchina, 396 So.2d 245 (Fla. 1st DCA 1981); Riverside Baptist Church v. O’Hara, IRC Order 2-2727, 9 FCR 168 (1975); and Rubber Products of Tampa v. Henderson, 391 So.2d 728 (Fla. 1st DCA 1980). We construe the order, however, as concluding simply that claimant had not proved, by valid job search or other evidence, that any wage-earning capacity loss in excess of 30% was attributable to her industrial injury. Insofar as claimant failed to carry her burden of proof in this regard, the claim for such benefits is properly denied, subject of course to “allowing any deficiencies in a claimant’s job search effort to be remedied and corrected” upon a later petition in accordance with Flesche v. Interstate Warehouse, 411 So.2d 919 (Fla. 1st DCA 1982).
Affirmed.
ROBERT P. SMITH, Jr., and WENT-WORTH, JJ., concur.