474 So.2d 1222 (1985)
Rita Penn NEWHOUSE, Appellant,
v.
VOLUSIA COUNTY SCHOOL BOARD & Peninsular Fire Ins. Co., Appellees.
No. BD-19.
District Court of Appeal of Florida, First District.
August 20, 1985.
*1223 Bill McCabe, of Shepherd, McCabe & Cooley, Orlando, for appellant.
James B. Cantrell, of Sparks, Cooper & Leklem, Orlando, for appellees.
WENTWORTH, Judge.
Claimant appeals a workers' compensation order entered September 10, 1984, denying increased compensation and specified costs of medical treatment between July 1, 1982, and the date of hearing. We affirm the decretal portions of the order but strike the finding "that any further care of a palliative nature would not be a direct and natural result of the compensable primary injuries due to the breaking of the chain of causation by the automobile accident" of July 1, 1982.
Following two 1977 industrial injuries and ensuing surgery, the deputy found claimant reached maximum medical improvement in March and July 1981 and compensation was paid for back and cervical impairments of 7% and 15%. Based upon voluminous testimony and medical records on the current claim, filed after an unrelated noncompensable accident in 1982, the deputy denied increased compensation and noted evidence "that as late as January 9, 1984 [claimant] was not at a point of maximum medical improvement from the automobile accident." She denied costs of medical care because:
I find that the remedial treatment after July 1, 1982 is related to the automobile accident, as such remedial treatment would not have been required but for the automobile accident which aggravated the residuals of the industrial injury... . I find . .. that the condition of the claimant prior to the automobile accident had reached a point wherein only PRN care would have been required but that the automobile accident caused continued *1224 pain, extensive treatment, and extensive care including the hospitalization. I reject testimony to the contrary.
We decline to revisit the deputy's factual conclusions that, for the period in question, none of the disputed costs resulted independently from the compensable injuries. Appellees, however, inappropriately rely upon the rationale of D'Angelo Plastering Co. v. Isaac, 393 So.2d 1066 (Fla. 1980), where the court denied compensation for a subsequent accident. The noncompensability of the automobile accident was plainly not disputed in the present case. The occurrence of that accident does not, however, "break the causal chain" for all claims, but only those which would not have resulted if the later noncompensable accident had not occurred. In the circumstances of this case the deputy was required (and may in the future be required) to apportion and award any benefits still due independently[1] from the industrial accidents. We must, however, assume, from the face of the order and the condition of the record, that the apportionment rule was considered and proofs found to be lacking for any award.
The order is affirmed as amended, supra.
NIMMONS, J., concurs.
ZEHMER, J., concurs in part and dissents in part with written opinion.
ZEHMER, Judge, concurring in part and dissenting in part.
I concur with the majority decision to strike the quoted statement from the appealed order. The rule is well-established that a subsequent intervening accident does not automatically eliminate all right to future medical benefits and compensation benefits due as a result of a prior industrial accident and resulting impairment. The deputy commissioner is required to carve out the noncompensable injury and treatment caused by the automobile accident and apportion the medical and compensation benefits still due as a result of the prior industrial accident. State, Dept. of Public Health v. Wilcox, 458 So.2d 1207 (Fla. 1st DCA 1984); Glades County Sugar Growers v. Gonzales, 388 So.2d 333 (Fla. 1st DCA 1980).
I respectfully dissent, however, from the majority's affirmance on the assumption "that the apportionment rule was considered and proofs found to be lacking for any award." The undisputed facts in the record showed that claimant continued to suffer from permanent disabling injuries attributable to the industrial accident which were manifested in part by continuing pain and disability, and these facts strongly indicate a basis and need for apportionment. The appealed order made no attempt to apportion and made no finding that apportionment was either impossible or inappropriate. Believing that the order not only should, but would, have mentioned apportionment had it been considered, I would reverse and remand for determination of the apportionment issue, with leave to receive additional evidence if the deputy should deem it advisable.
NOTES
[1] State Department of Public Health v. Wilcox, 458 So.2d 1207 (Fla. 1st DCA 1984), clearly frames the issue for claims following an intervening noncompensable accident: Benefits which may be awarded for either disability or medical care are those which are causally related to the compensable accident and injury "in the absence of the second [noncompensable] accident." 458 So.2d 1210.