528 So.2d 458 (1988)
Franklin COPELAND, Appellant,
v.
John L.A. BOND and Liberty Mutual Bond Insurance Company, Appellees.
No. 87-685.
District Court of Appeal of Florida, First District.
July 1, 1988.
Rehearing Denied August 10, 1988.
Mark L. Zientz, of Williams & Zientz, Coral Gables, for appellant.
Anthony J. Beisler, Ft. Lauderdale, for appellees.
*459 WENTWORTH, Judge.
Claimant seeks review of a workers' compensation order by which a claim for attendant care was denied. We find that the requested care was necessitated by claimant's industrial injury and thus should have been awarded pursuant to section 440.13(2)(a), Florida Statutes. We therefore reverse the order appealed.
Claimant experienced industrial accidents which resulted in severe injuries to his shoulder and back, and was accepted as permanently totally disabled. Due to an unrelated diabetic condition a portion of one foot was subsequently amputated, and claimant also underwent rectal surgery. To facilitate his recovery from these procedures claimant's medical recommendations were to immerse his foot periodically in a basin of water and occasionally soak in a bathtub. Although he could perform these activities without help absent his residual restrictions from the industrial injuries, claimant now finds it necessary to obtain assistance to carry out the necessary therapy. He also requires help in putting medication, bandages, and a sock on his foot. The physician who treated claimant for his industrial injuries recommended that he avoid overhead reaching and stooping or bending at the waist, and indicated that these restrictions would make it difficult for claimant to care for his foot condition without assistance.
Section 440.13(2)(a), Florida Statutes, directs the employer of a claimant who sustains an industrial injury to furnish such medical attendance as the nature of the injury or the process of recovery requires. In the present case the deputy declined to award such care, reasoning that claimant's need was necessitated by the nonindustrial surgeries. However, medical care is properly awarded pursuant to section 440.13(2)(a) when the need for such care arises from the combined effect of industrial and nonindustrial conditions. See Jordan v. Florida Industrial Commission, 183 So.2d 529 (Fla. 1966); Glades County Sugar Growers v. Gonzales, 388 So.2d 333 (Fla. 1st DCA 1980). As Gonzales indicates, the employer is responsible for "treatment required by the non-compensable injury if such treatment would not presently be required but for the existence of the compensable injury."
In the present case the care which claimant requested would not be required but for the existence of his compensable injuries. While the ultimate purpose of such care is to facilitate claimant's recovery from the nonindustrial surgeries, it is the industrial injuries which are producing the need for assistance in administering such care. The claim should therefore have been awarded in accordance with Jordan and Gonzales, supra, as attendant care authorized by section 440.13(2)(a), Florida Statutes.
The order appealed is reversed and the cause remanded for the entry of an order consistent herewith.
ZEHMER and BARFIELD, JJ., concur.