617 So.2d 439 (1993)
COSMOS CONTRACTING CO. and Executive Risk Consultants, Inc., Appellants/Cross-Appellees,
v.
Leonard COURTNEY, Appellee/Cross-Appellant.
No. 91-03817.
District Court of Appeal of Florida, First District.
April 28, 1993.
Paul L. Westcott and Robert A. Donahue of Rissman, Weisberg, Barrett & Hurt, P.A., Vero Beach, for appellants/cross-appellees.
J. Michael Brennan, Fort Pierce, for appellant/cross-appellee.
PER CURIAM.
This cause is before us on appeal and cross appeal from a final order awarding temporary partial disability (TPD), wageloss, and medical benefits. At issue are the failure of the judge of compensation claims (JCC) to apportion claimant's disability between the industrial accident and the subsequent noncompensable automobile accident, and the award of temporary partial disability and wage loss for the period September 23, 1988 through March 7, 1989.
First, we must reverse the award of wage-loss and TPD benefits, because claimant, who was self-employed, failed to report to the Internal Revenue Service earnings from the family business in the form of wages. Claimant's joint 1988 income tax return lists total wages of $9,685, wages due entirely to the work efforts of claimant's wife and exclusive of any income earned from the company business.[1]
*440 This court was faced with an identical situation in General Repair Service, Inc. v. McKenzie, 577 So.2d 619, 620 (Fla. 1st DCA 1991), review denied, 589 So.2d 291 (Fla. 1991), wherein we held:
As to the facts of the instant case, we conclude: Since (1) appellee was both the employee and the employer, (2) as both employee and employer, he failed to report to the Internal Revenue Service any wages earned, (3) he kept such inadequate records that it is impossible to determine without his own testimony whether he was paid any wages, and (4) the only pertinent documentary evidence in the record contradicts his testimony, his testimony is incompetent on the issue of average weekly wage and wage loss. Consequently, appellee made no competent showing of any average weekly wage or wage loss in this case and therefore he is not entitled to any temporary partial or wage loss benefits. [emphasis added]
Second, the employer and carrier contend that the JCC erred in effectuating a reverse merger in awarding claimant medical benefits for injuries suffered in the second noncompensable accident. A "reverse merger" occurs when a subsequent unrelated and noncompensable injury is superimposed upon a compensable condition, thereby producing disabilities greater than would be suffered as a result of each injury by itself. Despite this "merger" of the two conditions, the disabilities resulting solely from the second accident are not compensable. Department of Public Health v. Wilcox, 458 So.2d 1207 (Fla. 1st DCA 1984).
Where, as here, an original compensable injury is followed by a noncompensable injury, the JCC is required to determine the extent to which each accident contributed to the injuries and to what extent benefits might yet be due on the compensable injury. Jackson v. Indian River County School Board, 596 So.2d 1130 (Fla. 1st DCA 1992). The JCC's failure to separate the two injuries when awarding medical benefits is error and must be reversed.
Accordingly, we reverse the award of temporary partial and wage-loss benefits. We reverse and remand the award of medical benefits for the JCC to apportion benefits as required by Wilcox, supra. Issues concerning rehabilitation, interest, costs, and penalties are remanded for reconsideration in light of this opinion. In all other respects the order below is affirmed.
BOOTH, KAHN and MICKLE, JJ., concur.
NOTES
[1] Claimant testified that he was paid $300 weekly and his wife was paid $200 weekly for their work in the family business. This salary was never reported to the Internal Revenue Service.