WEBSTER, Judge.
In this workers’ compensation case, claimant seeks review of an order awarding temporary total disability benefits for a short period, but otherwise denying all benefits requested. She raises four issues: (1) whether the judge of compensation claims erroneously applied section 440.15(3)(b)5., Florida Statutes (Supp.1990), to bar all future claims for wage-loss or disability benefits; (2) whether the judge of compensation claims erroneously concluded that an auto accident unrelated to claimant’s employment which occurred after the industrial accident would bar all future claims for wage-loss or disability benefits; (3) whether the judge of compensation claims erroneously concluded that the employer and carrier were entitled to deem earnings from September 6,1990, to March 3, 1993; and (4) whether the judge of compensation claims erroneously concluded that all medical complaints other than those related to claimant’s upper right extremity were unrelated to the industrial accident. We reverse as to each of the first two issues. However, because we conclude that the record contains competent, substantial evidence to support the decision of the judge of compensation claims regarding the latter two issues, we affirm as to them, without further discussion.
The judge of compensation claims held that section 440.15(3)(b)5., Florida Statutes (Supp.1990), barred claimant from receiving any future wage-loss or disability benefits. On appeal, claimant argues that section 440.15(3)(b)5. is not applicable because it is a substantive change in the law which became effective on July 1,1990, after her industrial accident of June 11,1990. Ch. 90-201, §§ 20,121, at 940,1042, Laws of Fla. The employer and carrier respond that, while the industrial accident did occur before the effective date of section .440.15(3)(b)5., that section nevertheless applies because it is “merely procedural in nature.” After the parties had completed briefing, we resolved this issue in another case, concluding that section 440.15(3)(b)5., is substantive and, therefore, may not be applied in a case involving an industrial accident which occurred prior to its effective date. McCarthy v. Bay Area Signs, 639 So.2d 1114 (Fla. 1st DCA 1994). Accordingly, it was error to apply section 440.15(3)(b)5. to bar claimant from filing any future wage-loss claim. (We note that, even if the statute could have been applied in this case, it would appear to preclude only future wage-loss claims. It does not appear to bar future disability benefit claims.)
The evidence established that, approximately two years after her industrial accident, claimant was involved in a serious auto accident unrelated to her employment. The judge of compensation claims held that the auto accident was “a subsequent intervening injury breaking the chain of causation and releasing the Employer/Carrier from the responsibility of providing future medical and indemnity benefits.” To the extent that the order may be read as intended to preclude claimant from seeking any future benefits attributable to the industrial accident because of the intervening auto accident, the order is contrary to well-established precedent to the effect that when “an original compensable injury is followed by a noncom-pensable injury, the JCC is required to determine the extent to which each accident contributed to the injuries and to what extent benefits might yet be due on the compensa-ble injury.” Cosmos Contracting Co. v. Courtney, 617 So.2d 439, 440 (Fla. 1st DCA 1993). Accord Sunshine Plumbing v. Be- *674 necke, 558 So.2d 162 (Fla. 1st DCA 1990); Koulias v. Tarpon Marine Ways, 538 So.2d 130 (Fla. 1st DCA 1989); Parish v. Baptist Hospital, 512 So.2d 1031 (Fla. 1st DCA 1987); Newhouse v. Volusia County School Board, 474 So.2d 1222 (Fla. 1st DCA 1985).
In summary, we reverse those portions of the order barring claimant from seeking any future wage-loss or disability benefits because of section 440.15(3)(b)5., Florida Statutes (Supp.1990), and the subsequent auto accident. In all other respects, the order is affirmed.
AFFIRMED IN PART, and REVERSED IN PART.
ERVIN and BARFIELD, JJ., concur.