WEBSTER, J.
In this workers’ compensation case, the claimant seeks review of an order denying her claim for benefits. In that order, the judge of compensation claims found that the claimant had reached maximum medical improvement, with no impairment, following two work-related accidents before she was involved in a subsequent non-work-related accident; and that the non-work-related accident was the major contributing cause of her injuries and need for continued treatment. The claimant argues that there is no competent, substantial evidence to support the finding that she had reached maximum medical improvement, with no impairment, before the non-work-related accident; and that it was error to apply the major contributing cause test. We agree and, accordingly, reverse.
The claimant was involved in a' work-related accident on April 30, 1996, hitting her head against the window of the car she was driving. She sought medical attention, complaining of pain in her upper back and thoracic spine. She had a second work-related accident on May 6, 1996, while lifting a five-gallon drum of paint thinner. She again sought medical attention, complaining of low-back pain as well as continued pain in the upper back and cervical spine. On June 5,1996, the claimant was involved in a non-work-related auto accident. The judge of compensation claims found that the claimant had reached maximum medical improvement, with no impairment, before the non-work-related accident. He found, further, that the non-work-related accident was the major contributing cause of the injuries for which the claimant was seeking treatment.
The finding that the claimant had reached maximum medical improvement, with no impairment, before the non-work-related accident was based entirely upon the deposition testimony of Dr. Leslie Cohen, a chiropractor, who saw the claimant on May 22, 24 and 29, 1996. Every other medical provider who expressed an opinion was of the view that the claimant had not reached maximum medical improvement at the time of the non-work-related accident.
Dr. Cohen diagnosed the claimant as suffering from “cervical pain, lumbar pain and vertigo” that “certainly could have been causally related” to the accidents that occurred at work. Dr. Cohen testified that she placed the claimant at maximum medical improvement as of May 29, 1996, *1248 with no impairment. However, it is clear from both her office notes and her testimony that Dr. Cohen did not believe that the claimant was sufficiently recovered to return to work without restrictions. In fact, she testified that as of May 29, she “had [the claimant] for light duty, no lifting until seen by another designated physician.” Such testimony is irreconcilable with a finding of maximum medical improvement. In the first place, given the work restrictions imposed, either the claimant was not at maximum medical improvement or she had a permanent impairment. Moreover, a referral to another health care provider is inconsistent with maximum medical improvement. See, e.g., D’Andrea v. Wal-Mart Stores, Inc., 711 So.2d 1373 (Fla. 1st DCA 1998) (the evidence did no't support a finding that the claimant had reached maximum medical improvement at the time her treating physician released her to return to work when, at the same time, the physician also referred her to another health care provider).
Because of the inconsistencies in Dr. Cohen’s testimony, her testimony will not support a finding that the claimant had reached maximum medical improvement, with no impairment, before the non-work-related accident. The remaining expert medical testimony was to the effect that the claimant had not reached maximum medical improvement at the time of the non-work-related accident. Accordingly, the finding of the judge of compensation claims regarding maximum medical improvement is not supported by competent, substantial evidence, and must be set aside.
The judge of compensation claims denied relief based upon a finding that the non-work-related accident was the major contributing cause of the claimant’s injuries and need for treatment. The claimant argues that the concept of major contributing cause has nothing to do with a proper analysis of her entitlement to benefits. We agree.
There is no dispute about the fact that both the April 30 and May 6 accidents were work-related. The only question is what effect the non-work-related accident of June 5 should have on the claimant’s request for benefits. Apparently, the judge of compensation claims was of the opinion that, because the June 5 accident was the major contributing cause of the injuries for which the claimant sought treatment, the claimant was not entitled to any benefits, even if the two work-related accidents played some role in her need for continued treatment. This was an incorrect interpretation of section 440.09, Florida Statutes (1995).
Section 440.09, Florida Statutes (1995), requires that the claimant establish that the work-related accident is the major contributing cause of injuries or the need for treatment in only two situations. The first is when the employee sustains a subsequent injury “as a result of an original injury arising out of and in the course of employment.” § 440.09(l)(a), Fla. Stat. (1995). The second is when “an injury arising out of and in the course of employment combines with a preexisting disease or condition to cause or prolong disability or need for treatment.” § 440.09(l)(b), Fla. Stat. (1995). Neither situation is present in this case. Accordingly, coverage is determined by reference to section 440.09(1), which provides that “[t]he employer shall pay compensation or furnish benefits required by this chapter if the employee suffers an accidental injury or death arising out of work performed in the course and the scope of employment.” In this case, it is undisputed that the claimant “suffered] ... accidental injuries] ... arising out of work performed in the course and the scope of employment.” It is also clear that the claimant had not yet reached maximum medical improvement from the two work-related accidents at the time of the non-work-related accident, and that she continued to require treatment for injuries sustained in the work-related accidents.
Newhouse v. Volusia County School Board, 474 So.2d 1222 (Fla. 1st DCA *1249 1985), involved facts not unlike those of this case. In Newhouse, the claimant had been involved in two work-related accidents, followed by a non-work-related accident. There, we said:
The occurrence of that [non-work-related] accident does not, however, “break the causal chain” for all claims, but only those which would not have resulted if the later noncompensable accident had not occurred. In the circumstances of this case the deputy was required (and may in the future be required) to apportion and award any benefits still due independently from the industrial accidents.
Id. at 1224 (citing State Dep’t of Pub. Health v. Wilcox, 458 So.2d 1207, 1210 (Fla. 1st DCA 1984)). Similarly, in Parish v. Baptist Hospital, 512 So.2d 1031, 1032 (Fla. 1st DCA 1987), we said:
[T]he occurrence of the second [non-work-related] accident does not “break the causal chain” for all claims, but only those which would not have resulted if the later noncompensable accident had not occurred. Newhouse v. Volusia Co. School Board, 474 So.2d 1222, 1224 (Fla. 1st DCA 1985), especially where, as here, the evidence shows that, on the date of the second (noncompensable) accident the claimant was still suffering from the effects of the first (compensa-ble) accident.
The claimant is entitled to any medical or compensation benefits attributable to either (or both) of the work-related accidents. Accordingly, we reverse and remand for apportionment. The judge of compensation claims may receive additional evidence if he deems it necessary to do so.
REVERSED and REMANDED, with directions.
BARFIELD, C.J., and BENTON, J., CONCUR.