838 So.2d 608 (2003)
Cathaleen MYERS, Appellant/Cross-Appellee,
v.
SHERWIN-WILLIAMS PAINT, CO. and Gallagher Bassett Servicing, Appellees/Cross-Appellants.
No. 1D02-0747.
District Court of Appeal of Florida, First District.
February 17, 2003.
Rehearing Denied March 5, 2003.
*610 Joy E. Greyer, West Palm Beach, for Appellant/Cross-Appellee.
Kevin R. Clarke, Esquire and Michael A. Edwards, Esquire of Michael A. Edwards, P.A., West Palm Beach, for Appellees/Cross-Appellants.
BENTON, J.
In her second appearance before this court, Cathaleen Myers contends that the judge of compensation claims erred in denying her certain medical benefits and in awarding less than full indemnity benefits. As to denial of medical benefits, we affirm, with one exception. We reverse and remand for further proceedings regarding indemnity benefits, however, as well as regarding medical benefits owed on account of an industrial injury to the lumbar spine.
As described in our prior opinion,[1] Ms. Myers had two industrial accidents while she was working for Sherwin-Williams Paint Company (Sherwin-Williams) before she was involved in an automobile accident that had nothing to do with work. See Myers v. Williams, 770 So.2d 1246, 1247 (Fla. 1st DCA 2000). Originally, the judge of compensation claims denied all benefits on the theory that the third (non-compensable) accident was the "major contributing cause" of her injuries and disability. We reversed and remanded, holding that "[t]he claimant is entitled to any medical or compensation benefits attributable to either (or both) of the work-related accidents." Myers, 770 So.2d at 1249.

I.
On remand, a successor judge of compensation claims found that appellant's head injury and jaw condition were causally related solely to the first industrial accident, that her cervical and thoracic spinal conditions were related to all three accidents, and that her lumbar spinal condition was wholly unrelated to the first accident, but attributable equally to the second and third accidents. On the basis of competent, substantial evidence, the judge of compensation claims attributed two-thirds of appellant's need for treatment of her cervical spine, thoracic spine, and psychiatric problems to the industrial accidents.[2]
The employer of a claimant who suffers an industrial injury must "furnish to the employee such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury *611 or the process of recovery may require." § 440.13(2)(a), Fla. Stat. (Supp.1996). "[M]edical care is properly awarded pursuant to section 440.13(2)(a) when the need for such care arises from the combined effect of industrial and nonindustrial conditions. See Jordan v. Florida Industrial Commission, 183 So.2d 529 (Fla.1966); Glades County Sugar Growers v. Gonzales, 388 So.2d 333 (Fla. 1st DCA 1980)." Copeland v. Bond, 528 So.2d 458, 459 (Fla. 1st DCA 1988). "As Gonzales indicates, the employer is responsible for `treatment required by the non-compensable injury if such treatment would not presently be required but for the existence of the compensable injury.'" Id. See Newhouse v. Volusia County Sch. Bd., 474 So.2d 1222, 1224 (Fla. 1st DCA 1985). We thus approve the approach the judge of compensation claims took on the medical benefits questions, and most of the results he reached.
But the order under review also made Sherwin-Williams responsible for half of the expense of treating Ms. Myers' lower back or lumbar spine. While competent, substantial evidence supports the finding that she did not sustain a lumbar spinal injury in the first accident, the record lacks competent, substantial evidence supporting the decision to allocate responsibility for treatment of that injury fifty-fifty. Such an allocation is not justified simply because the need for treatment was causally related both to the second and to the third accidents. None of the doctors whose opinions the judge of compensation claims cites in support of a fifty-fifty split stated that the second and third accidents were equally responsible for the condition of appellant's lumbar spine.

II.
Ms. Myers also contends that the judge of compensation claims erred in denying her claims for treatment with a neuropsychologist and with a separate, pain management specialist. The order provides:
7. Authorization of a pain management physician is deferred until the claimant resumes treatment with authorized neurosurgeon, Dr. Wancier or other, and the suggested treatment is deemed to be reasonable and medically necessary.
8. Authorization for care and treatment of the claimant's neuropsychological condition is deferred until the claimant resumes treatment with the authorized psychiatrist, Dr. Kubski, and suggested neuropsychological treatment with Jeffrey Hirsh, Psy.D., or other, is deemed to be reasonable and medically necessary.
A judge of compensation claims has no authority to delegate the decision of claims pending before him to medical providers, to delay decision indefinitely, or, in a final order, to defer to opinions not yet offered.
Paragraphs seven and eight must therefore be deemed a denial of the claims seeking authorization for a neuropsychologist and for a separate, pain management specialist. On the other hand, the order does not deny psychological care (by a psychiatrist) or pain management (either by a psychiatrist or by a neurosurgeon). It may fairly be read as authorizing such care and services by implication, while at the same time deciding that the claimant failed to prove that separate professionals had to be authorized in order for the claimant to receive adequate medical benefits. Competent, substantial evidence supports the order, so construed.

III.
The judge of compensation claims found that Ms. Myers was entitled to temporary partial disability benefits from the April 30, 1996 accident until she reached statutory maximum medical improvement on May *612 1, 1998, and to permanent total disability benefits thereafter. He then ruled that she was entitled to only two-thirds of the normal indemnity benefits, holding that entitlement to a third of the benefits otherwise due was "carved out" by the non-compensable accident. This analysis was erroneous.
If a subsequent non-compensable accident superimposes an injury on a compensable condition, "the disability resulting solely from the [subsequent] accident is not compensable." State, Dep't of Pub. Health v. Wilcox, 458 So.2d 1207, 1209-10 (Fla. 1st DCA 1984). See also Cosmos Contracting Co. v. Courtney, 617 So.2d 439, 440 (Fla. 1st DCA 1993); Pan Am. World Airways, Inc. v. Franchina, 396 So.2d 245, 246 (Fla. 1st DCA 1981). As to temporary indemnity benefits, the question that should have been addressed on remandand must now be addressed on a second remandis whether appellant's disability attributable to the industrial accidents would have rendered her (partially or totally) unemployable, without regard to the effects of the third accident. See Winn Dixie Stores, Inc. v. La Torre, 702 So.2d 1267, 1270-71 (Fla. 1st DCA 1997).
[A]n employer is not entitled to receive a windfall when some misfortune unrelated to work befalls an industrially injured employee and prevents his working, if a prior industrial accident would otherwise have entitled the employee to workers' compensation benefits. See Koulias [v. Tarpon Marine Ways, 538 So.2d 130 (Fla. 1st DCA 1989) ]. See also McClaney v. Dictaphone/Pitney Bowes, 659 So.2d 325 (Fla. 1st DCA 1994).
Id. at 1270. Similarly, as to permanent indemnity benefits, the judge of compensation claims must decide on remand whether appellant's disability attributable to the industrial accidents would have rendered her totally, permanently disabled even if the third accident had never occurred. See Curtis v. Bordo Citrus Prods., 566 So.2d 328, 330 (Fla. 1st DCA 1990) ("An evidentiary issue is presented as to what portion of the disability is caused by the compensable accident, even where the noncompensable condition is independently a sufficient producing cause of claimant's total disability."). The question is "[w]hether she was or [w]ould have become totally disabled in the absence of the [non-work-related] accident." Wilcox, 458 So.2d at 1210. See Cover v. T G & Y Store # 1331, 405 So.2d 985, 986 (Fla. 1st DCA 1981).

IV.
Accordingly, all awards of indemnity benefits and any award of medical benefits that pertain specifically to the lower back or lumbar spine are reversed, and the case is remanded for further proceedings on those claims. The order is otherwise affirmed.
KAHN and LEWIS, JJ., concur.
NOTES
[1] The claimant was involved in a work-related accident on April 30, 1996, hitting her head against the window of the car she was driving. She sought medical attention, complaining of pain in her upper back and thoracic spine. She had a second work-related accident on May 6, 1996, while lifting a five-gallon drum of paint thinner. She again sought medical attention, complaining of low-back pain as well as continued pain in the upper back and cervical spine. On June 5, 1996, the claimant was involved in a non-work-related auto accident.

Myers v. Williams, 770 So.2d 1246, 1247 (Fla. 1st DCA 2000).
[2] In the report on which the judge of compensation claims relied, Dr. Magana stated that "it would be reasonable to apportion the cause of the patient's complaints as being 30% from her accident of 4/30/96, 30% from her accident of 5/6/96 and 30% from 6/5/96." He also noted that appellant had an impairment rating of 16%, and that he "would apportion a third of that to her accident of 4/30/96, a third to her accident of 5/6/96, and a third to her accident of 6/5/96."