PER CURIAM.
Claimant Cathaleen Myers appeals the order of the Judge of Compensation Claims (“JCC”) requiring the employer/carrier Sherwin-Williams Paint Company/Gallagher Bassett Services to reimburse claimant for two-thirds of the cost of her treatment with a psychotherapist at the applicable fee schedule and finding the employer/carrier responsible for two-thirds of the cost of future psychotherapy. Claimant raises two points on appeal.
First, claimant argues that she should be reimbursed in full, rather than at the fee schedule, for her out-of-pocket payments made to her psychotherapist under section 440.13(2)(c), Florida Statutes (1995). We agree with the employer/carrier that section 440.13(2)(c) (providing that “[i]f the employer fails to provide initial treatment or care required, by this section after request by the injured employee, the employee may obtain such treatment at the expense of the employer”) (emphasis added) must be read in conjunction with section 440.13(14)(b) (stating that “[f]ees charged for remedial treatment, care, and attendance may not exceed the applicable fee schedules adopted under this chapter”). We, therefore, affirm the JCC’s order requiring the employer/carrier to reimburse claimant at the fee schedule.
Second, claimant contends that the JCC erred in finding that claimant is responsible for one-third of her past and future psychotherapy care based upon Myers v. Sherwin-Williams Paint Co., 838 So.2d 608 (Fla. 1st DCA 2003), this Court’s decision in a prior appeal in this case. The record lacks competent substantial evidence that claimant’s psychotherapist was treating claimant for the same problems discussed in Myers, 838 So.2d 608. We, therefore, reverse the JCC’s determination as to the portions of care for which claimant and the employer/carrier are responsible and remand for further proceedings.
AFFIRMED in part; REVERSED in part and REMANDED.
VAN NORTWICK, POLSTON AND THOMAS, JJ., concur.