483 So.2d 21 (1985)
STATE of Florida, DEPARTMENT OF PUBLIC HEALTH, DIVISION OF RISK MANAGEMENT, Appellant,
v.
MURIEL WILCOX, Appellee.
No. BF-165.
District Court of Appeal of Florida, First District.
December 10, 1985.
Rehearing Denied February 4, 1986.
H.B. Yandle, of Vernis & Bowling, Miami, for appellant.
Alfred D. Bieley, Miami, for appellee.
BARFIELD, Judge.
Department of Public Health, Division of Risk Management, appeals from a final workers' compensation order awarding certain benefits including medical expenses to Muriel Wilcox (Wilcox). We find no merit to any of the issues raised on appeal, except the award of medical expenses, which we reverse and remand to the deputy commissioner for further proceedings.
This is the second appearance of this case in this court. Wilcox was injured in a compensable auto accident on August 3, 1978. She returned to work in January, 1979 but was having a lot of difficulty performing her duties because of back pain. She was injured in another accident, this one noncompensable, in December, 1979. She has never returned to work.
In his original order, the deputy found that he was unable to apportion the impairment caused by the first and second accidents. He ordered the self-insured employer to pay TTD, PTD and all medical expenses. This court reversed, finding that the deputy had effectuated an improper "reverse merger." This court remanded to the deputy for consideration of the question "[w]hether she was or could have become disabled in the absence of the second accident... ." State, Department of Public Health, Division of Risk Management v. Wilcox, 458 So.2d 1207, 1210 (Fla. 1st DCA 1984). The deputy was also ordered *22 to determine which medical expenses are related to each accident and to hold the employer responsible only for those relating to the compensable accident. Id. at 1210-11.
On remand, the deputy found that "the law as of August, 1978 did not allow the medical to be apportioned." That conclusion is not only wrong, it is contrary to the prior opinion of this court in this matter. The record indicated that there were injuries received in the second, noncompensable, accident which did not relate to the compensable back injury, but for which medical services were rendered. The deputy is to ascertain which medical expenses relate to injuries not connected with the original compensable injuries. The employer may not be required to pay for these expenses. We find, however, that the deputy correctly held the employer responsible for all expenses relating to the claimant's back injury.
It appears that medical expenses were awarded for treatment by Dr. Russell, but no bills were placed in evidence. On remand, Wilcox shall be allowed to correct this error. Leonard M. King Pest Control v. Dixon, 474 So.2d 12 (Fla. 1st DCA 1985).
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings.
ERVIN and JOANOS, JJ., concur.

ON MOTION FOR REHEARING
BARFIELD, Judge.
This case is before the court on Petition for Rehearing and Reconsideration suggesting to the court that section 440.02(18), Florida Statutes (Supp. 1978), precludes apportionment of medical benefits notwithstanding this court's earlier opinion to the contrary. Counsel's quotation of the last sentence of that subsection as authority for no apportionment under the circumstances of this case is misleading and inappropriate appellate practice. The statutory reference expressly and clearly speaks to a compensable accident accelerating or aggravating a preexisting disease or anomaly. Nowhere does this subsection speak to injuries arising from a noncompensable accident following, and identifiably distinct from, injuries incurred in a compensable accident. Rehearing is DENIED.
ERVIN and JOANOS, JJ., concur.