WIGGINTON, Judge.
Appellant appeals that portion of the deputy commissioner’s order apportioning out 50 percent of appellant’s permanent total disability award due to a preexisting impairment. We reverse.
On March 23, 1984, the approximately 43-year-old appellant suffered an indisputably compensable heart attack at work, leaving him with a guarded prognosis and a five- to seven-year life expectancy. According to the medical evidence at the time of his heart attack, he suffered two preexisting conditions: arteriosclerotic coronary artery disease, which results in a 75 percent medical impairment rating, and severe peripheral vascular disease, which results in a 15 percent impairment rating. However, those two conditions were substantial *62 ly asymptomatic prior to appellant’s work-related heart attack and thus, at the time of his heart attack, those conditions were not disabilities affecting appellant’s wage-earning capacity.
According to further medical evidence, as a direct result of the heart attack, appellant has acquired two new conditions: a ventricular aneurysm, which constitutes appellant’s primary health problem at this time and results in a 75 percent impairment rating, and a possible dangerous ventricular arrhythmia resulting from the aneurysm and supporting an additional 15 percent impairment rating.
The deputy commissioner found, based on the medical evidence, that “the permanent impairment of the claimant renders him permanently and totally disabled.” Apparently, relying upon this Court’s decision in Escambia County Council v. Goldsmith, 465 So.2d 655 (Fla. 1st DCA 1985) (Goldsmith I), the deputy commissioner apportioned out 50 percent of appellant’s permanent total disability award due to the preexisting impairments and thereby awarded appellant only 50 percent of the permanent total disability benefits to which he would be entitled.
In Goldsmith I, this Court declared that pursuant to 1979 and 1980 amendments to chapter 440, Florida Statutes, a deputy commissioner should apportion out of a permanent total disability award that percentage of an independent, preexisting permanent impairment, regardless of the preexisting impairment’s relationship to any disability. However, this Court has recently reconsidered Goldsmith I and receded therefrom in Escambia County Council v. Goldsmith, 500 So.2d 626 (Fla. 1st DCA 1986) (Goldsmith II).
In Goldsmith II, this Court reverted to the pre-Goldsmith I law as established by Evans v. Florida Industrial Commission, 196 So.2d 748, 752 (Fla.1967):
[Ajpportionment is proper only when and to the extent that the pre-existing [sic] disease either, (1) was disabling at the time of the accident and continued to be so at the time the award is made or (2) was producing no disability at the time of the accident but through its normal progress is doing so at the time permanent disability is determined and an award is made.
In Goldsmith II, this Court declared:
As we read this plain language [of section 440.15(5)(a), Florida Statutes], it means that an employee who has been suffering from a prior condition ... which has not disabled him from performing gainful employment may recover benefits for a subsequent injury due to a compensable accident despite the presence of such preexisting condition.
Op. at 635. Thus, once again, we do not consider only impairment ratings in determining the propriety of apportionment. Pertinent to the apportionment issue is the relationship of • each impairment to the claimant’s present disability. Note that in Lemus v. Industrial Sites Services, 482 So.2d 472 (Fla. 1st DCA 1986), despite the standing decision in Goldsmith I at that time, this Court maintained the Evans standard.
The evidence in the instant case does not support any finding that the preexisting impairments resulted in any disability either before or after the occurrence of the compensable heart attack. Instead, the evidence supports a finding that the conditions resulting directly from the heart attack are fully responsible for appellant’s present permanent total disability. Therefore, the deputy commissioner erred in apportioning out 50 percent of the permanent total disability award due to appellant’s preexisting impairments alone.
Reversed and remanded for entry of an order awarding appellant permanent total disability benefits without apportionment.
SMITH and JOANOS, JJ., concur.