522 So.2d 1068 (1988)
OAK CONSTRUCTION COMPANY and United States Fidelity & Guaranty Company, Appellants,
v.
Paul JACKSON, Appellee.
No. 87-378.
District Court of Appeal of Florida, First District.
April 12, 1988.
*1069 Robert H. Gregory, Miami, for appellants.
R. Cory Schnepper of Levine, Busch, Schnepper & Stein, and Jay M. Levy of Hershoff and Levy, Miami, for appellee.
ZEHMER, Judge.
The employer and carrier appeal an order of the deputy commissioner finding that claimant is permanently and totally disabled. For the reasons set forth below, we affirm.
The facts of the case are as follows. On February 3, 1981, claimant, while working as a plasterer, sustained a compensable lower back injury in an accident arising out of and in the scope of his employment. Claimant was paid temporary total disability benefits from February 4, 1981 to October 26, 1982, and was furnished with authorized medical care. Following a hearing on the issues of wage loss and disability benefits, it was determined that claimant had reached maximum medical improvement on August 10, 1983, and that he was left with *1070 a permanent partial impairment of 20 percent. The deputy also determined that claimant's physical activities were limited in that he should avoid "positional strains such as sitting, standing, walking or riding in a car ... [and] he should not do repetitive bending, nor should he lift over 10 pounds, especially from the floor or on a repetitive basis."
Regarding the carrier's contention that claimant's inability to obtain employment was the result of a heart problem which resulted in claimant's hospitalization in the summer of 1982, the deputy concluded that "claimant's inability to obtain employment is the direct and proximate result of his February 3, 1981 accident, and not any heart problem that the claimant may have" and consequently claimant was awarded wage loss benefits from October 26, 1982 through December 31, 1983. The deputy commissioner reserved ruling on the claim for permanent total disability benefits, stating:
However, I have decided to reserve ruling on same pending the outcome of an evaluation of the claimant by a cardiologist which I am requiring herein. In doing so, it is my hope that the evaluation will provide the Jackson Memorial Hospital Pain Clinic with the information necessary to provide the claimant with the treatment therein, in an attempt to alleviate and relieve some form of his unremitting and extensive pains and providing him with a pain level that will allow him to obtain some form of limited, light type of employment in the future.
(R. 149-50). This June 8, 1984 order was affirmed without opinion. Oak Construction Co. v. Jackson, 472 So.2d 1186 (Fla. 1st DCA 1985).
Pursuant to the June 1984 order, claimant attended the Pain Clinic for evaluation but the evaluation was not completed because claimant's physicians would not grant him cardiac clearance to participate in the strenuous activities required by the program. Claimant then filed a claim for permanent total disability or wage loss benefits from January 1, 1984.
Following a hearing on the matter, the deputy entered an order readopting, with minor modifications, the findings of his June 1984 order. He concluded that
considering my above subsidiary findings of fact [contained in the June 8, 1984 order], including claimant's age, education, work experience, physical impairments, limitations, lack of post accident earnings and ability to compete in the open labor market, and unsuccessful work search, it is my determination that the claimant is permanently and totally disabled as a result of the injuries sustained in the accident herein, in that he is unable to compete in the open labor market for gainful employment and is unable to do even light work on an uninterrupted basis.
(R. 475-76). In response to the carrier's allegations that the claimant's work searches involved duplications, the deputy found that based on all the evidence there was "no intent on the part of the claimant to perpetrate a fraud on this Court, or upon the employer/carrier." The deputy further stated that even if the claimant had not performed a good faith work search "the extensive nature of the claimant's restrictions and limitations would have excused said requirement."
The deputy also readopted his earlier finding that claimant's inability to obtain employment was the direct and proximate result of his February 3, 1981 accident and not his subsequent cardiac problems, stating:
In making my above noted subsidiary findings of fact, I am also not unaware of the contention of the employer/carrier herein, that the claimant's inability to obtain employment is primarily the result of his subsequent cardiac problems. However, as found in my prior Order, the claimant's inability to obtain employment is, and I so find, the direct and proximate result of his February 3, 1981 accident and restrictions and limitations attendant thereto. The cardiac problems that the claimant now has, at best, makes an already totally disabling condition even worse.
*1071 (R. 477). The carrier was ordered to pay claimant permanent total disability benefits commencing August 10, 1983, at the compensation rate of $228.00 per week, taking credit for prior payments of wage loss benefits.
The employer and carrier filed a motion for rehearing and following a hearing on the motion, the deputy, with some minor modifications, readopted and republished the April 1, 1987 order. The deputy also found that the pretrial stipulation contained no claim or defense regarding social security offset, and that "to make findings of fact regarding a purported defense not raised would be inappropriate." He also stated, that in the alternative, even if a social security offset had been claimed, the evidence presented was insufficient to permit the determination of any alleged offset which may be due.
The employer and carrier's first point on appeal argues that the deputy erred in applying the doctrine of law of the case to this action. We agree that the June 1984 order cannot be treated as conclusively establishing that claimant's condition at that time was equivalent to permanent total disability because the deputy declined to make that ruling. The 1984 order determined that claimant had incurred a compensable injury, reached maximum medical improvement on August 10, 1983, and was entitled to wage loss benefits. The award of wage loss benefits required claimant to continue making a job search and submitting wage loss forms. The deputy did not, however, deny permanent total disability benefits but ruled that the matter was not ripe for decision because claimant might be helped by treatment at the Pain Clinic and thus, left this issue open for future decision. These findings were not appealed by claimant and became the law of the case, subject to modification pursuant to § 440.28, Fla. Stat. (1981). Cf. McCandless v. M.M. Parrish Construction, 449 So.2d 830 (Fla. 1st DCA 1984); Hall v. City of Jacksonville, 443 So.2d 326 (Fla. 1st DCA 1983). Although the earlier order did not establish claimant's right to permanent total disability benefits, the deputy properly relied on it in his subsequent order as establishing the specific issues ruled upon, such as causation, compensability of injury, maximum medical improvement, and the right to wage loss benefits.
This record contains competent substantial evidence to support modification of the earlier order and the finding that claimant is permanently and totally disabled. The evidence established that claimant was unable to complete the Pain Clinic therapy and that his work searches subsequent to the June 1984 order, just as the previous work searches, were unsuccessful. An unsuccessful job search over an extended period of time can support a finding of permanent total disability. H.S. Camp & Sons v. Flynn, 450 So.2d 577 (Fla. 1st DCA 1984). The record also contains evidence that claimant's unrelated heart condition precluded his participation in the Pain Clinic. Dr. Ben-Zvi, a cardiologist, advised claimant to avoid any exertion and indicated that if there was physical exercise involved in the Pain Clinic, it should not be considered. Dr. Andres Paloma, also a cardiologist, stated that claimant had Class III angina, which interferes with normal, daily activities. Although the carrier argues that claimant is unemployable due to the totally disabling heart condition and not his work-related back injury, the increased disability impact of a subsequent unrelated injury which prevents further treatment of a compensable injury is not visited on the claimant. Instead, the employer and carrier bear the burden of the compensable injury, notwithstanding the subsequent development of a non-related but disabling condition, so that the claimant is entitled to an award of benefits. Cf. Lancaster Youth Development Center v. Waters, 381 So.2d 1156 (Fla. 1st DCA 1980) (Award of permanent total disability benefits proper where evidence showed that claimant was totally disabled by back condition before heart condition began to manifest itself and made further back surgery inadvisable).
Next, the employer and carrier contend the claimant's job search after the June 1984 order was legally insufficient because the Wage Loss Benefit Claim *1072 Form (BCL-13) indicates that the employee must complete the form and claimant did not complete the form, but rather the claimant's attorney merely copied an old form that had a facsimile of claimant's signature. The carrier argues that this use of a "power of attorney" does not comport with chapter 440, case law, the Workers' Compensation Rules, or the administrative handling of wage loss benefits. The carrier also contends that claimant presented fraudulent job search records. The deputy concluded that claimant committed no fraud, and there is competent substantial evidence to support that finding. We do not construe the applicable law as requiring that only the claimant may fill out a wage loss form. There is nothing improper with the claimant's attorney compiling information furnished by the claimant and preparing the form, but the form should be reviewed and signed by the claimant, where practical, before being submitted to the carrier. Although this does not appear to have been done in the instant case, nevertheless the claimant testified as to the accuracy of the information on the form, so any deficiency in it is harmless error. We decline to hold that the form is inadmissible merely because it was not prepared and signed by the claimant. In addition, that portion of the job search form alleged to be fraudulently duplicative was adequately explained by the claimant and his attorney to the satisfaction of the deputy. Since this was a question of fact for the deputy commissioner to resolve there is no basis for reversal. See Calleyro v. Mt. Sinai Hospital, 504 So.2d 1336 (Fla. 1st DCA), rev. den., 513 So.2d 1062 (Fla. 1987) (Deputy as trier of fact has right to determine credibility of witnesses, including claimant).
Next, the carrier argues that the deputy erred in not applying the doctrine of reverse merger to the facts of this case because claimant's present disability is due to his heart condition and the limitations and restrictions which are a result of that heart condition. Reverse merger applies when a subsequent non-related and non-compensable injury is superimposed upon a permanent compensable condition, thereby producing disabilities greater than would be suffered as a result of each injury by itself. Department of Public Health v. Wilcox, 458 So.2d 1207 (Fla. 1st DCA 1984). Reverse merger is inapplicable, however, where the deputy determines that the disability due to claimant's prior industrial accident is, independent of his heart condition, sufficient to cause permanent total disability. Here, the deputy determined that "the cardiac problems that claimant now has, at best, makes an already totally disabling condition even worse." Because there is competent substantial evidence to support the deputy's finding, it will not be disturbed on appeal. Swanigan v. Dobbs House, 442 So.2d 1026 (Fla. 1st DCA 1983).
Finally, the employer and carrier contend that the deputy erred in not granting them a social security offset, or at least allowing them to administratively take the statutory offset. Section 440.15(10), Florida Statutes (1981). We find no error in the deputy's not ruling on this issue. Social security offset was not placed in issue in the pretrial stipulation or response to the claim. Although the employer and carrier recite that claimant was asked for information about his social security benefits but refused to cooperate, this issue was not properly raised before the deputy commissioner, so we decline to consider it on this appeal. Sunland Hospital/State of Florida v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982) (Appellate court will not reverse on a point not presented in the tribunal of first resort). This decision does not preclude the carrier from administratively asserting this off-set if appropriate under the circumstances.
Claimant's motion for appellate attorney's fees pursuant to section 440.34(5) is granted, and we remand to the deputy commissioner for determination of the appropriate amount.
AFFIRMED.
WENTWORTH and BARFIELD, JJ., concur.