527 So.2d 238 (1988)
Eddie McPHERSON, Appellant,
v.
BROWARD COUNTY SCHOOL BOARD and Gallagher Bassett Services, Appellees.
No. 87-1099.
District Court of Appeal of Florida, First District.
May 25, 1988.
Rehearing Denied July 13, 1988.
*239 Lawrence J. Feinstein of Abrams & Suskin, North Miami Beach, for appellant.
Gregory G. Coican of Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A., Fort Lauderdale, for appellees.
WIGGINTON, Judge.
Appellant appeals the deputy commissioner's denial of her workers' compensation claim for further medical and psychiatric treatment to be provided by appellees, employer/carrier. We reverse and remand.
On April 25, 1985, appellant injured her neck in a work-related accident. Thereafter, she continued to work but was diagnosed with a cervical sprain and suffered neck pain for which she received medical treatment. On January 6, 1986, she was involved in an undisputedly noncompensable accident in which she injured her lower back and possibly re-injured her neck.
After that accident, she continued to be treated by the same orthopedic surgeon, Dr. Gerard. According to his testimony, shortly after the noncompensable accident, her neck condition had improved while her lower back pain, which was due to the noncompensable accident, was disabling. However, by May 1986, he found that her neck pain had worsened and therefore he referred her to Dr. Brown, a psychologist, who runs a pain clinic. Dr. Brown found that she was suffering from an adjustment reaction with depression in response to the pain caused by her injuries. He found a causal relationship between her compensable injury and her psychological condition, based on reasonable psychological probability, and noted that her complaints were mostly of neck and right arm pain, as well as of some back pain.
A June 1986 MRI scan, ordered by Dr. Brown, revealed for the first time a herniated disc in appellant's neck. Based on that finding, Dr. Gerard reevaluated her condition and found that she had suffered a 5 percent permanent impairment as a result of her neck pain, the major portion of which he found to be due to the compensable injury. He was unable to state with absolute certainty which accident caused the disc herniation.
The deputy commissioner accepted Dr. Gerard's previous opinion that appellant reached maximum medical improvement on February 11, 1986, in regard to her compensable neck injury, with a 2 to 3 percent permanent impairment. He determined that medical treatment, including psychological care, received by appellant after the occurrence of the noncompensable accident, was a result of the noncompensable accident alone, as is appellant's need for future medical or psychological treatment, because the noncompensable accident permanently aggravated appellant's neck injury. Therefore, he found that appellant is not entitled to further medical or psychological treatment from employer/carrier on the ground that the chain of causation was broken by the independent intervening negligence of the third party tort-feasor responsible for the noncompensable accident.
We find that the deputy commissioner improperly applied the intervening cause rule to bar all further benefits sought in this case. Competent substantial evidence does not exist in the instant record to support a determination that appellant was no longer suffering any effects from her compensable injury at the time of her noncompensable accident. When symptoms caused by a compensable accident are on-going and continue after the occurrence of *240 a noncompensable accident, as long as some treatment or benefits are due as a result of the compensable accident, the intervening cause rule should not be employed to bar those benefits. Newhouse v. Volusia County School Board, 474 So.2d 1222 (Fla. 1st DCA 1985). In Parish v. Baptist Hospital, 512 So.2d 1031 (Fla. 1st DCA 1987), this Court declared:
It appears from the foregoing language that the deputy employed the doctrine of independent intervening cause to deny the compensation and medical benefits sought herein. However, that doctrine is only applicable in the determination of whether or not an accident occurring subsequent to a primary compensable injury is itself compensable. Here, it is conceded that the March 1984 auto accident was noncompensable... .
It is well-settled that, in such a factual situation, the occurrence of the second accident does not "break the causal chain" for all claims, but only those which would not have resulted if the later noncompensable accident had not occurred, Newhouse..., especially where, as here, the evidence shows that, on the date of the second (noncompensable) accident the claimant was still suffering from the effects of the first (compensable) accident. [Department of Public Health v.] Wilcox [458 So.2d 1207 (Fla. 1st DCA 1984)]... .
Compare State, Department of Public Health v. Wilcox, 483 So.2d 21 (Fla. 1st DCA 1985) and State, Department of Public Health v. Wilcox, 458 So.2d 1207 (Fla. 1st DCA 1984). As in Parish, we reverse and remand to the deputy commissioner for a determination in light of this opinion and, upon the taking of additional evidence, if necessary, of whether the compensable injury contributed to the need for the medical expenses at issue, and, if so, for the award of those benefits to appellant.
REVERSED AND REMANDED.
MILLS and SHIVERS, JJ., concur.