PER CURIAM.
The claimant, Teresa Mello, appeals a final order dismissing with prejudice her claim for permanent total disability benefits. We affirm.
The claimant contends that there is no competent substantial evidence to support the deputy commissioner’s (deputy) determination that claimant never timely reported her second accident in April 1983 and there is no competent substantial evidence to support the deputy’s finding that the job offered by the employer/servicing agent did not constitute sheltered employment.
This is another uncomplicated, straightforward case in which the sole issue is whether there is competent substantial evidence to support the deputy’s decision. As the Supreme Court of Florida said almost 25 years ago in the case of Crowell v. Messana Contractors, 180 So.2d 329 (Fla.1965):
In essence a resolution of this dispute involves an application of the rule long ago announced in United States Casualty Co. v. Maryland Casualty Co., 55 So.2d 741, and cited so many times since as almost to become hackneyed. It is that the deputy commissioners have the prerogative of determining questions of fact and that their conclusions will not be disturbed if they are supported by evidence the deputies believed so long as it is competent and substantial and comports with reason and logic. So we have often held that the reviews by the Full Commission and by this court will go no farther than the determination whether or not evidence the deputies chose to believe supported the conclusions reached, even though the reviewing body might have selected witnesses expressing a contrary view.
Id. at 329-330.
Admittedly, there are some conflicts in the evidence in the instant case, and there may be some evidence that could support an award in favor of the claimant. However, that is not the issue before this court on appeal and the deputy’s findings and conclusions should be sustained if supported by any view of the evidence and its permissible inferences. Gomez v. Neckwear, 424 So.2d 106 (Fla. 1st DCA 1982). As stated by the court in Crowell, it is not the function of the reviewing court to select witnesses expressing a contrary view.
The claimant sustained a compensable back injury in August of 1980. She reached MMI on February 26, 1981. She returned to work in November 1980 on a part-time basis and later began full-time employment. She continued to work full-time as food manager for approximately three years. On April 7, 1983 she was allegedly injured in a slip and fall accident in the kitchen of K-Mart and sustained an additional injury to her back. Prior to the alleged April 1983 accident claimant had been treated by Dr. Crist for the injuries sustained in her 1980 accident. Her first visit to Dr. Crist following April 7 was on May 4, 1983. Dr. Crist’s records do not reflect that the claimant sustained an injury on April 7. Instead, he simply noted that her complaints are essentially unchanged from his previous evaluation. Claimant continued under treatment by Dr. Crist and it was his opinion that the claimant reached MMI August 30, 1983. On November 23, 1983, at the request of the employer-servicing agent, claimant saw Dr. Boring for an independent medical examination. Dr. Boring reported that the claimant told him she had slipped on some water or something slippery on the floor on April 7 and that she had twisted her lower back. Dr. Boring noted that the claimant thought the new accident had not been reported. There is no competent substantial evidence that the employer had notice of an alleged April 7, 1983 accident until it received the report of Dr. Boring more than seven months after the alleged accident. Claim *406 ant did not file the claim for benefits in connection with the alleged April 1983 injury until November 15, 1986, approximately three and one-half years after the injury.
The failure to notify the employer within 30 days will not necessarily bar a claimant’s claim unless the employer had no knowledge of the injury and the failure to notify the employer prejudiced the employer. The employer expressly denied that the claimant reported such an accident. Although the claimant told Dr. Boring in November 1983, only seven months after the alleged accident that she did not think she reported the accident, she testified more than four years later at the December 3, 1987 final hearing that she did indeed report the accident and gave the name of the store manager she reported it to. There is competent substantial evidence to support the deputy’s finding that the E/C had no knowledge of the alleged accident for a period of more than seven months.
There is also competent substantial evidence to support the deputy’s determination that the employer was prejudiced by the claimant’s failure to report her April 1983 accident. Although the injury allegedly occurred on April 7, 1983, the claimant’s first visit to a doctor after the accident was on May 4, 1983, approximately one month later. Claimant failed to inform her treating physician, Dr. Crist, of her alleged April 7 accident. He continued to treat her as if the August 1980 accident was the source of her complaints, and was of the opinion that the claimant’s complaints were caused by the 1980 accident. The employer could have required immediate medical attention if an accident had occurred and been duly reported, and could have made a prompt investigation. Failure to report the injury clearly hampered the employer’s ability to investigate the alleged accident and determine if it was work-related. By the time the employer had knowledge of the alleged injury in November 1983, it was difficult, if not impossible, for the E/C to make an investigation to determine the true facts. There is ample competent substantial evidence to support the deputy’s conclusion that the claimant failed to give timely notice and that this failure was prejudicial to the employer.
In addition to the prejudicial lack of timely notice, the claimant did not actually file a claim for benefits form in connection with the April 1983 injury until November 15, 1986, approximately three and one-half years after the alleged injury.
Section 440.19, Fla.Stat. provides that a claim must be filed within two years after the time of injury or within two years after the date of last payment of compensation or after the date the last remedial treatment or rehabilitative services were furnished by the employer. The record therefore clearly reflects that the claim was not timely filed.
The deputy also made an alternative finding that the claimant’s refusal to return to sedentary employment offered by the employer amounted to a voluntary limitation of income because the work offered was within her limitations and disabilities and, therefore, did not constitute sheltered employment. There is competent substantial evidence to support this determination.
We affirm.
BOOTH and THOMPSON, JJ., concur.
ERVIN, J., dissents.