547 So.2d 276 (1989)
SAUER INDUSTRIAL CONTRACTING INC., and CNA Insurance Co., Appellants,
v.
James E. DITCH, III, Appellee,
v.
FLORIDA BECHTEL and Commercial Union, Appellees/Cross-Appellants.
No. 88-2038.
District Court of Appeal of Florida, First District.
August 2, 1989.
Michael N. Hutter of Rissman, Weisberg, Barrett & Hurt, Orlando, for appellants.
Michael E. Nebel of Reiff & Nebel, Orlando, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellees.
*277 WENTWORTH, Judge.
Employer Sauer Industrial Contracting, Inc., and carrier CNA Insurance Company appeal a workers' compensation order by which claimant was found to have sustained multiple industrial accidents and awarded an exercise program and reimbursement for mileage and prescriptions. The responsibility for these benefits, and the cost of medical testing, was equally allocated between Sauer/CNA and another employer and carrier, Florida Bechtel and Commercial Union, who cross-appeal. We find that the claim against Sauer/CNA was timely brought within the limitations period, and that the deputy did not err in the allocation of responsibility between Sauer/CNA and Bechtel/Commercial Union. We therefore affirm the order appealed.
Claimant was employed by Sauer when he sustained an industrial accident in 1984, twisting his back while working with scaffolding. Sauer/CNA provided claimant with medical treatment which included orthopedic care. The orthopedist saw claimant until October 1984, when he felt that maximum medical improvement had been attained. At that time the orthopedist recommended that claimant be provided with a structured exercise program, as was used in supervised therapy, in order to strengthen his back.
Claimant was laid off by Sauer and thereafter obtained employment with Bechtel. In December 1985 and January 1986 he was involved in new industrial accidents, straining his back while moving a pump and carrying pipe. After initially obtaining care at an on-site clinic claimant returned to the same orthopedist with whom Sauer/CNA had provided treatment. Bechtel/Commercial Union paid for this new treatment, and the doctor again recommended a structured exercise program. The doctor so informed Sauer/CNA, and claimant also contacted Sauer/CNA in this regard. However, neither Sauer/CNA nor Bechtel/Commercial Union furnished the recommended program or provided any information as to claimant's entitlement to exercise therapy, prescription or mileage reimbursement, or disability compensation. In February 1986 claimant used his own funds to enroll in a structured exercise program as his physician had recommended.
Sauer/CNA assert that the claim filed against them in 1987 should be barred by the two-year statute of limitations in section 440.19(1)(b), Florida Statutes, which requires that medical claims be filed within two years after the date of the last payment of compensation or remedial attention furnished by the employer. This limitations provision should be liberally construed in favor of providing benefits to injured workers. See generally, Daniel v. Holmes Lumber Co., 490 So.2d 1252 (Fla. 1986). The orthopedist authorized by Sauer/CNA recommended an exercise program, which was not provided and which claimant obtained at his own expense within two years after the last medical care furnished by Sauer/CNA. Claimant thereafter acted with reasonable promptness in pursuing his claim. In the circumstances of this case the claim against Sauer/CNA for reimbursement of the expense of the exercise program was timely filed. See Roy T. Brinson Lathing & Drywall v. Thomas, 530 So.2d 379 (Fla. 1st DCA 1988).
The orthopedist's continued treatment of claimant was initially paid by Bechtel/Commercial Union. The doctor indicated that his continuing care related to both the effects of the 1984 accident, and the contributing effect of the subsequent industrial accidents. Section 440.42(3), Florida Statutes, authorizes the deputy to allocate responsibility and order reimbursement between multiple carriers. The allocation should be based upon the extent to which each accident contributes to any resulting disability or need for medical care, see Atkins Construction Co. v. Wilson, 509 So.2d 1185 (Fla. 1st DCA 1987), and may be made on an equal basis when two compensable accidents, with different carriers at risk, equally contribute to a resulting condition. Cf., Flagship National Bank of Broward County v. Hinkle, 479 So.2d 828 (Fla. 1st DCA 1985). The orthopedist's testimony, in the circumstances of this case, *278 supports the deputy's conclusion that claimant's 1984 accident and the subsequent industrial accidents jointly and equally produced the resulting condition for which benefits were awarded, and an equal allocation of responsibility between Sauer/CNA and Bechtel/Commercial Union was thus appropriate.
The order appealed is affirmed.
NIMMONS and ZEHMER, JJ., concur.