SMITH, Judge.
In this appeal and cross-appeal from a workers’ compensation order, Standard Fire Insurance Company and Taylor Rental, appeal the deputy’s order to reimburse U-Haul Company of Eastern Florida for benefits paid to claimant James Read. U-Haul has filed a cross-appeal arguing that the deputy erred in her apportionment of liability between the two employers. We affirm the issue presented on appeal, but reverse on the issue presented on cross-appeal.
While working for U-Haul, the claimant injured his back. The accident was accepted as compensable, and the claimant was paid wage loss and medical benefits. Claimant reached MMI on January 13, 1987, with eighteen percent permanent impairment, ten percent of which was attributable to a preexisting condition. The claimant was released with some medical restrictions.
Claimant was later employed by Taylor Rental Company, and on March 3, 1987, he reinjured his back during the course of that employment. The claimant eventually reached MMI and was found to be permanently impaired by an additional two percent. Following this second accident, the claimant sought benefits from both employers. U-Haul paid temporary total disability benefits for the period of May 1 through August 6, 1987. Taylor Rental paid medical benefits for a time, and then settled with the claimant for a lump sum. This settlement was approved by the deputy.
The claimant filed for benefits with U-Haul for benefits attendant to the first accident on November 25, 1987, two years after the first accident occurred. U-Haul *581 sought a hearing on the requested medical and wage loss benefits, and further sought reimbursement from Taylor Rental for benefits paid since March 3, 1987. U-Haul also sought apportionment of the benefits with Taylor Rental.
Following a hearing, the deputy entered an order requiring Taylor Rental to reimburse U-Haul for benefits paid from May 1 through November 4, 1987. She further ordered apportionment of future medical benefits to the extent that U-Haul was to pay 80% and Taylor Rental 20%. The deputy found that reimbursement was appropriate due to the fact that Taylor Rental had received notice from U-Haul’s counsel of the claimant’s first accident and of the fact that claimant had received benefits therefrom. Despite notice of this accident, Taylor Rental settled with the claimant without conferring with U-Haul and without inquiring into the extent of benefits already paid.
On appeal, Taylor Rental argues that the order of reimbursement conflicts with the terms of its settlement agreement with the claimant. While Taylor Rental correctly argues that absent fraud, overreaching, misrepresentation or mutual mistake, a washout settlement should be respected,[1] the order of reimbursement in the instant case does not affect the settlement because that agreement, by its terms, concerns the liability of Taylor Rental to the claimant. The order of reimbursement establishes liability between the two employers. The appellant has not provided this court with any basis for disturbing the deputy’s order of reimbursement.
As for the issue presented on cross-appeal, we agree with U-Haul that the deputy erred in her apportionment of liability between the two employers. The record reflects that the deputy considered only the deposition testimony Dr. Uricchio, an orthopedic surgeon who treated the claimant after his second accident. The overwhelming majority of that testimony concerned the impairment ratings given by Dr. Uricchio. The case law clearly provides that in establishing the extent of apportionment, impairment ratings are not the only factors to be considered. The determinative factor is the degree to which each injury and the resulting impairment causes a present disability. Javier v. Goldcoast, Inc., 501 So.2d 61 (Fla. 1st DCA 1987), Evans v. Florida Industrial Commission, 196 So.2d 748 (Fla.1967), and Escambia County Council on Aging v. Goldsmith, 500 So.2d 626 (Fla. 1st DCA 1986). In the instant case, the deputy did not make a finding that the claimant was disabled at all.
Therefore, the order of apportionment is REVERSED, but the deputy’s order is in all other respects AFFIRMED.
SHIVERS, C.J., and WIGGINTON, J., concur.

. See Lupola v. Lindsley Lumber Co., 293 So.2d 354 (Fla.1974), and East v. Pensacola Tractor & Equipment Co., Inc., 384 So.2d 156 (Fla. 1st DCA 1980). In Cordell v. Pittman Building Supply, 470 So.2d 865 (Fla. 1st DCA 1985), this court held that a settlement would be set aside because the parties failed to inform the deputy of facts necessary for a true evaluation of whether the settlement was in the claimant's best interest.