ALLEN, Judge.
The self-insured employer appeals, and claimant cross appeals, a workers’ compensation order by which claimant was awarded rehabilitation and wage-loss benefits with deemed earnings. Wage-loss benefits were denied during a two month period when claimant was suffering from an exacerbation of a preexisting disease. We find that the record provides adequate support for the benefits which were awarded, and for the determination below that neither the preexisting disease nor the exacerbation thereof was shown to be a compen-sable consequence of the industrial injury. But we also find that the claim for wage-loss benefits should not have been denied, due to the absence of a work search, during the two months when claimant was suffering from the exacerbation of the preexisting disease. And because the challenged order is somewhat confusing and inconsistent, it is necessary for us to remand for further clarification.
Even though the exacerbation of claimant’s preexisting disease may have been independently disabling during the two months for which the claim was denied, this does not necessarily preclude an award of wage-loss benefits. See Curtis v. Bordo Citrus Products, 566 So.2d 328 (Fla. 1st DCA 1990); Spaulding v. Albertson’s, 543 So.2d 858 (Fla. 1st DCA 1989); Koulias v. Tarpon Marine Ways, 538 So.2d 130 (Fla. 1st DCA 1989). As indicated in these cases, such circumstances present an evi-dentiary question as to whether claimant’s compensable injury contributed to his disability, apart from any separate effect of the noncompensable condition. See also, Parish v. Baptist Hosp., 512 So.2d 1031 (Fla. 1st DCA 1987); Central Concrete *159 Co., Inc. v. Harris, 475 So.2d 1300 (Fla. 1st DCA 1985). The order in the present case states that wage-loss benefits were denied during the disputed two month period “in view of the fact that no job search was performed_” However, wage-loss benefits were awarded with deemed earnings during subsequent periods when there was no work search. Such an award must be predicated upon a conclusion that claimant’s initial evidentiary burden was established by circumstances other than an unsuccessful work search. The absence of a work search during the two month period when claimant was suffering from an exacerbation of his disease thus does not warrant the denial of wage-loss benefits during this time. See Anderson v. S & S Diversified, Inc., 477 So.2d 591 (Fla. 1st DCA 1985), rev. den., 486 So.2d 597 (Fla.1986). And the award of wage-loss benefits both before and after this two month period suggests that claimant continued to experience the effects of the industrial injury. We therefore conclude that, insofar as claimant is otherwise entitled to wage-loss benefits, such a claim should not have been denied during the brief exacerbation of the preexisting disease.
There were conflicting medical opinions as to claimant’s attainment of maximum medical improvement, and as to the extent or existence of any permanent impairment. The resolution of these conflicts is within the ambit of the fact-finding authority of the judge below. See e.g., Crowell v. Messana Contractors, 180 So.2d 329 (Fla.1965); Kemp v. Miami Quality Concrete Co., Inc., 410 So.2d 199 (Fla. 1st DCA 1982). This determination is largely a matter of discretion which ordinarily will not be disturbed on appeal if there is substantial medical evidence to support the challenged ruling. See Griffith v. McDonalds, 526 So.2d 1032 (Fla. 1st DCA 1988). The judge was thus entitled to accept Dr. Pfaff’s opinion as to the date of claimant’s maximum medical improvement. And there is sufficient evidence to establish that claimant’s injury produced a permanent impairment, as required for wage-loss benefits under section 440.15(3)(b)l, Florida Statutes. Although the appealed order makes no express finding in this regard, it does state that “[a]ll the treating physicians find lifting limitations and restrictions.” But it also acknowledges that Dr. Pfaff opined that claimant had reached maximum medical improvement with “no permanent partial impairment.” The order then recites the judge’s acceptance of Dr. Pfaff’s testimony, and the “great weight” given to his opinion over the other medical testimony. While this recitation may have been intended to apply only to Dr. Pfaff’s opinion as to maximum medical improvement, such a restrictive interpretation is not entirely consistent with the unqualified language used in the order. It is essential that a workers’ compensation order contain such findings of ultimate material fact as will demonstrate the basis of the award. See Carson v. Gaineswood Condominiums, 532 So.2d 28 (Fla. 1st DCA 1988); see also, Perez v. Tropicana Products, Inc., 496 So.2d 967 (Fla. 1st DCA 1986). We would be engaging in undue speculation to find that the order in the present case meets this standard, and we therefore conclude that it is appropriate to reverse the order and remand for clarification as to this matter.
The appealed order is reversed as indicated herein, and the cause is remanded.
NIMMONS and BARFIELD, JJ., concur.