KAHN, Judge.
This is an appeal from an order of the Judge of Compensation Claims equally alio- *659 eating responsibility for the payment of indemnity and medical benefits subsequent to claimant McCollom’s date of maximum medical improvement (MMI) between Copeland Steel Erectors, employer/carrier #1 (E/C # 1), and Ironworkers Local 808 (E/C #2). We affirm in part, reverse in part, and remand for further proceedings.
Claimant, a 39-year-old, was involved in two accidents. The first accident occurred on April 23, 1984 when claimant was working as an ironworker for Copeland Steel and fell approximately 22 feet from scaffolding, injuring his right arm, right shoulder, neck and back. On April 14, 1988 claimant suffered a second job-related injury while working as a business agent for the Local 808 Ironworkers Union when he was accosted and shot in the shoulder at close range.
Competent substantial evidence supports the JCC’s order to the extent that it finds both E/C’s partially liable for benefits after the date of MMI. The judge properly considered the testimony of Dr. Tucker, who rendered treatment to claimant during the relevant time period for both injuries. Dr. Tucker’s testimony that the first injury caused the second injury to be worse, that claimant continued to receive treatment for the first injury until very shortly before the second accident, and that claimant had a permanent impairment rating as a result of the first accident, supports the JCC’s findings. Dr. Tucker’s testimony is corroborated by the claimant’s testimony that he continued to have headaches, muscle spasms, and back and neck stiffness from the first accident up until the time of the second accident. The JCC properly resolved internal inconsistencies in Dr. Tucker’s testimony. As a reviewing court, we are unable to say that the record is devoid of competent substantial evidence to support the ruling that E/C #1 is at least partially responsible for claimant’s continuing benefits. Mello v. K-Mart, 542 So.2d 404 (Fla. 1st DCA 1989); Swanigan v. Dobbs House, 442 So.2d 1026 (Fla. 1st DCA 1983).
We reverse, however, as to the JCC’s ruling on the proportionate amounts of liability as between E/C # 1 and E/C # 2. In the order under appeal the JCC made the following finding:
I further find that the responsibility for medical and indemnity benefits after the October, 1989, date of maximum medical improvement should be shared equally by the carriers. In making this finding of fact, I have again considered the testimony of the claimant, and the expert opinion testimony of Dr. Tucker. Although Dr. Tucker did not apportion the two accidents numerically, he did state that the claimant would have continued to have problems with his right shoulder and neck, even without the April 14, 1988 gunshot wound. He also stated that he did not believe the claimant ever recovered fully from his April 23, 1984 industrial accident. Allocation of responsibility between multiple carriers should be based upon extent to which the accident contributes to any resulting disability or need for medical care and may be made on an equal basis when two compensable accidents with different carriers at risk equally contribute to resulting conditions. Section 440.42(3) Florida Statutes authorizes the Judge of Compensation Claims to allocate responsibility and order reimbursement between multiple carriers. Based on the uncontradicted testimony of Dr. Tucker, and that [sic] fact that the claimant testified his symptoms persisted over an extended interval of time, the allocation between the carriers should be 50% attributable to the April, 1984 accident, and 50% attributable to the April, 1988 accident.
Neither this finding, nor the remainder of the order under review, offers any support for the numerical allocation arrived at by the JCC. In Standard Fire Insurance Co. v. U-Haul Co., 551 So.2d 580 (Fla. 1st DCA 1989), this court observed that the determining factor in an apportionment of benefits between competing carriers is the degree to which each injury and the resulting impairment caused a present disability. Similarly, in Sauer Industrial Contracting Inc. v. Ditch, 547 So.2d 276 (Fla. 1st DCA 1989), the court held that a proper *660 allocation must be based upon the extent to which each accident contributes to any resulting disability or need for medical care. We construe these holdings to mean that the JCC may not simply use equal division between two carriers as a fallback position for apportionment of benefits. Rather, the judge must consider the actual extent to which each accident has contributed to the claimant’s compensable disability after the date of maximum medical improvement from the last accident.
In the present case claimant’s injuries were qualitatively very different after each accident. The first accident resulted in a broken arm and left claimant with muscle spasms across the back, tightness in the shoulder, and limited mobility in his neck. After the shooting incident in 1988, however, claimant was off work for one year, suffered from limited rotation in his shoulder, had loss of feeling in the three outer fingers on his right hand, and suffered from severe depression, sleeping problems and limited control and use of his right hand. Specifically, after the gunshot wound, claimant could no longer write with his right hand, and had to learn to tie his shoes and dress himself using only the left hand. While Dr. Tucker was not able to give mathematically precise numbers to apportion the two injuries, the record does contain ample evidence, primarily in the form of claimant’s own testimony, from which the JCC could derive factual findings to support a proper allocation.
Under, the rule enunciated in Sauer, supra, an allocation may be made on an equal basis when two compensable accidents, with different carriers at risk, equally contribute to a resulting condition. While the JCC properly stated this rule in his findings, he did not go on to apply the specific facts of this case to the law which controls.
Accordingly, we affirm that portion of the order finding that E/C # 1 and E/C # 2 must share responsibility in medical and indemnity benefits, and reverse the decision as to proportional shares, with instructions that the JCC should consider this matter further, take evidence if necessary and enter new findings on apportionment.
SMITH and ZEHMER, JJ., concur.