KAHN, Judge.
In the order before us on review, the Judge of Compensation Claims (JCC) awarded appellant Willie Upson permanent total disability benefits. The finding of permanent and total disability (PTD) has not been challenged on appeal, and is supported by competent substantial evidence in the record. The JCC further determined, however, that 50% of appellant’s PTD benefits would be apportioned out due to a “rapidly advancing degenerative arthritic condition, which has progressively developed, particularly since November of 1992,” and which was not work-related. This apportionment is not supported by competent substantial evidence.
In 1984 and 1987, Mr. Upson suffered work related injuries to his right knee. Since the first accident in 1984, Mr. Upson has undergone treatment from Dr. Frederick Schroeder, an orthopedist, who has performed four surgeries on the right knee, including a total knee joint replacement in June of 1988. According to Dr. Schroeder, Upson reached maximum medical improvement (MMI) on December 16, 1988, with a 20% permanent partial impairment of the body as a whole. As of the date of MMI, Dr. Schroeder imposed numerous restrictions upon the patient: 1) no more than two hours of walking a day; 2) four to six hours total of sitting a day, zero to two hours at a time; 3) driving a car ten to thirty minutes at a time; 4) occasional lifting of no more than ten pounds; 5) no repetitive movement with feet or foot controls; 6) no limitations on grasping, pushing, pulling or fine manipulations; 7) occasional bending; 8) occasional reaching; 9) no squatting; 10) no kneeling; 11) no climbing; 12) knee braces required; and 13) standing limited to one hour in an eight hour day. As a result of these restrictions, Dr. Schroeder limited Mr. Upson to sedentary type activities.
Some ten months after MMI, Dr. Schroeder’s chart makes note of an arthritic condition in Mr. Upson’s left knee. The doctor characterized this condition as degenerative and unrelated to any industrial accident. The doctor explained, however, that any physical restrictions stemming from the left knee would be the same as those resulting from the right knee injury.
The only suggestion in the record of the more generalized degenerative arthritic con *110 dition mentioned by the JCC is in Mr. Up-son’s testimony at the merits hearing. At that time, Mr. Upson, who was a model of candor, responded to questions from the JCC by indicating, “I got arthritis all through my body.”
The parties agree that when both a com-pensable condition and an unrelated noncom-pensable condition contribute to permanent total disability the effects of the noncompensable condition must be apportioned out. Curtis v. Bordo Citrus Products, 566 So.2d 328 (Fla. 1st DCA 1990). Appellant observes that, while in some cases it may be necessary to apportion the effect of a noncompensable injury, a JCC may not simply use equal division as a fall-back position for apportionment of benefits. Rather, appellant argues, citing Sauer Indust. Contracting, Inc. v. Ditch, 547 So.2d 276 (Fla. 1st DCA 1989), the JCC must consider the actual extent to which each condition has contributed to the claimant’s compensable disability. Appellee, relying upon Curtis, supra, argues that Dr. Schroeder’s testimony considered in the light of Mr. Upson’s own trial testimony, supports the JCC’s finding that the claimant’s unrelated arthritic condition contributed 50% to his PTD status. Appellee points specifically to claimant’s testimony that he perceived a significant decline in his condition from his deposition in November 1992 until the hearing in March 1993.
The issue in this case is not whether Mr. Upson has problems over and above those attributable to his severely injured right knee. Rather, the issue is whether the record contains competent substantial evidence to support an apportionment of 50% of Mr. Upson’s permanent total disability to such other problems. We have held that a JCC must consider the actual extent to which each accident or injury has contributed to claimant’s compensable disability. Copeland Steel Erectors v. McCollom, 587 So.2d 658 (Fla. 1st DCA 1991). No apportionment may be made absent evidence as to a percentage of disability relating to that portion attributable to a preexisting condition. Russell House Movers, Inc. v. Nolin, 210 So.2d 859 (Fla.1968). The use of equal division as a fall-back position for apportionment of benefits is not available absent some record support. Copeland Steel Erectors, supra; Sauer Indust. Contracting, Inc., supra.
No evidence before us suggests that Upson’s compensable right knee injury contributed only 50% to his permanent total disability. Dr. Sehroeder based the impairment rating and work restrictions solely on the right knee injury. Dr. Sehroeder never imposed additional restrictions based upon the left knee condition, and in fact indicated that the same restrictions would apply whether or not he considered the left knee. The JCC made numerous findings concerning claimant’s age, work history, job search, and potential for vocational rehabilitation. None of these findings were causally related to the left knee or to the supposed rapidly advancing degenerative arthritic condition. Rather, the factors relied upon by the JCC can be attributed to the right knee injury alone. We make specific note of the JCC’s finding that Upson performed a job search consisting of contacts with over 400 prospective employers in the central Florida area. Most of this extensive effort took place before November, 1992, when Upson indicated his degenerative arthritic condition became progressively worse. Other than Dr. Schroeder’s comment that he would impose no additional restrictions because of the left knee, the record contains no medical testimony speaking to any relationship between “a rapidly advancing degenerative arthritic condition” and claimant’s compensable disability.
REVERSED and REMANDED with instructions to delete the 50% apportionment of appellant’s permanent total disability.
ALLEN and MICKLE, JJ., concur.