659 So.2d 325 (1994)
Richard C. McCLANEY, Appellant,
v.
DICTAPHONE/PITNEY BOWES and Travelers Insurance Company, Appellees.
No. 94-533.
District Court of Appeal of Florida, First District.
December 29, 1994.
Jeffrey A. Ville, of Burger & Ville, Indian Harbour Beach, for appellant.
Andrea L. Aylett-Hosch, of Frank & Brightman, Orlando, for appellees.
SHIVERS, Senior Judge.
The employee suffered an industrial accident on February 13, 1992, while employed with Dictaphone/Pitney Bowes. On January 2, 1993, the employee was diagnosed with advanced cancer of the rectum.
According to the final order of the Judge of Compensation Claims (JCC), it appears the employee reached maximum medical improvement (MMI) from the industrial accident on March 8, 1993 with 12% permanent partial impairment (PPI); but that on January 9, 1993, the employee was not capable of sustaining even part-time employment on an uninterrupted basis based on claimant's diagnosis of cancer alone. The judge concluded *326 that all of the employee's inability to work was attributable to the cancer rather than a combination of the industrial injury and the cancer. We reverse and remand.
In Siegel v. AT & T Communications, 611 So.2d 1345, 1350 (Fla. 1st DCA 1993), we held that: "[I]t was incumbent upon the JCC to analyze the case from the point of view as to what portion of claimant's present disability is caused by the compensable accident, even where the noncompensable accident may be an independent and sufficient producing cause of claimant's disability."
And in Curtis v. Bordo Citrus Products, 566 So.2d 328 (Fla. 1st DCA 1990), this court held as follows: "While disability resulting solely from a second, noncompensable cause is not compensable, if on the date of the noncompensable event the claimant is still suffering from the effects of the first, compensable accident, it does not follow that he is entitled to no compensation." 566 So.2d at 329, citing Koulias v. Tarpon Marine Ways, 538 So.2d 130 (Fla. 1st DCA 1989).
If claimant attained MMI and a 12% PPI from his industrial accident on March 8, 1993, it seems he would be excused from a work search due to the status of his cancer on that date.
We reverse and remand for an analysis as to what portion of the employee's disability at the time of the final hearing was caused by the compensable accident. The subsequent noncompensable injury did not negate the effects of the first compensable accident.
REVERSED and REMANDED.
MICKLE and VAN NORTWICK, JJ., concur.